425 So.2d 1191 (1983)
William Eugene TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. AK-339.
District Court of Appeal of Florida, First District.
January 27, 1983.
*1192 Michael E. Allen, Public Defender, and Melanie Ann Hines, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant William Eugene Taylor was convicted and sentenced on two counts of grand theft and one count of burglary. He contests the validity of one count of grand theft, arguing that the conviction should be reduced to petit theft, or, alternatively, that it should be reversed because only one act of theft occurred. We affirm in part, holding that two acts of theft occurred, but reverse in part, because conviction on one of the grand theft charges must be reduced and reclassified to petit theft. We also remand so that the lower court may correct conflicting facial inconsistencies in two written sentencing documents.
Appellant William Eugene Taylor and Tony Bowen, an employee of M.D. Associates, drove one evening to an M.D. Associates terminal in Hamilton County. Bowen managed to break open the door to the terminal office, went inside and took a "CB" radio as well as the keys to a company beer delivery truck. Running out the office door, Bowen gave the keys to appellant, jumped into his car with the "CB", and drove away. Appellant followed in the beer truck, containing a value of more than $16,000 of bottled beer. He drove the truck a few miles, running it into a roadside ditch. Thereafter, Bowen sold the "CB" radio for $50, and appellant received one-half of that amount as his share of the profits. Appellant was subsequently arrested and charged with grand theft of the beer truck, grand theft of the "CB", and burglary of the M.D. Associates office.
At trial, Sandy Edwards, the manager of M.D. Associates' Hamilton County office, offered the only testimony relating to the value of the "CB" radio. He stated that the "CB" was a Colt base-unit with 40 channels; that the unit was worth $249 when it was purchased eight months before the theft, and that he was very familiar with the unit. Defense counsel objected, *1193 contending that Edwards' statements were improper and prejudicial, as no predicate had been presented to show that Edwards had any idea as to the fair market value of the "CB" at the time of the theft. The objection was overruled. Subsequently, on cross-examination Edwards admitted that he did not deal in used merchandise and had no idea as to the exact market value of the "CB" at the time of the theft. The appellant was found guilty, and on appeal he challenges two points relating to his conviction on two separate counts of grand theft for the beer truck and the "CB".
Appellant argues that insufficient proof was presented to find that the "CB" was worth over $100, an element of the crime of grand theft. § 812.014(2)(b)1, Fla. Stat. This point is two-pronged. First, we must ascertain whether Edwards was competent to testify to the value of the "CB", and second, if he was competent, was his testimony sufficient to prove that the "CB" was worth over $100? With regard to the first prong, we note that an owner is generally presumed as competent to testify to the value of his stolen property. See generally Annot., 37 A.L.R.2d 967 § 25 (1954). The apparent rationale for this rule is that an owner necessarily knows something about the quality, cost, and condition of his property. Atlantic Coast Line R. Co. v. Sandlin, 75 Fla. 539, 78 So. 667, 668 (1918).
Of course, mere ownership of property does not automatically qualify an owner to testify as to his property's value. Salvage & Surplus, Inc. v. Weintraub, 131 So.2d 515, 516 (Fla. 3d DCA 1961); 5 Ehrhardt, Florida Practice § 701.1 at 212 (1977). The witness must be shown to have personal knowledge of the property. Cf. Salvage & Surplus. Therefore, one's competency to testify as to the value of stolen property is not so much a question of whether he owns the stolen property as it is a question of his personal knowledge of the property. If the lay witness has personal knowledge of the property, he is competent to express an opinion as to the value of his employer's property. Baldwin Cooke Co. v. Keith Clarke, Inc., 420 F. Supp. 404 (N.D.Ill. 1976).
The evidence reveals that Edwards was competent to testify to the value of the "CB", at the time of its purchase, but not to its market value at the time of the theft. Although he had worked regularly with the unit, and as the chief management representative of M.D. Associates at the company's Hamilton County office was in a position to be familiar with any of the company's property at that office, he had not purchased the unit, but testified it had gone "through the company" some eight months before. Indeed, his estimate of the value of the "CB" at the time of its theft was based upon the amount placed upon the invoice records which he had later reviewed. He admitted that he had no knowledge of the value of the radio as "used equipment" at the time of taking.
The specific objection raised by defense counsel to Edwards' testimony as to the property's value was that no predicate had been established that the "witness had any idea as to fair market value." This objection, unlike that raised before the trial court in Lewis v. State, 403 So.2d 568 (Fla. 1st DCA 1981), squarely placed the court below on notice that the witness' testimony as to market value was incompetent.[1] As such, this case falls within the ambit of the rule announced in Negron v. State, 306 So.2d 104 (Fla. 1974), holding that, absent direct testimony as to the fair market value of stolen property at the time of theft, four factors should be considered by the trier of fact in determining the fair market value of stolen property at the time of theft. The factors include: (1) original market cost; (2) manner in which the item has been used; (3) its general condition and quality; and *1194 (4) its depreciation percentage. Id. at 108. Only the first factor has been established in the case at bar, which is insufficient to prove the "CB" radio's value at the time of the theft.
Without more, this case closely resembles Beasley v. State, 305 So.2d 285 (Fla. 3d DCA 1974), cert. denied, 315 So.2d 180 (Fla. 1975), in which the court found a theft victim's testimony that a stolen stereo was purchased for $225 one year prior to the date of theft as insufficient to prove the market value at the time of theft. And see Angel v. State, 305 So.2d 283 (Fla. 1st DCA 1974), holding incompetent the testimony of a manager of a housing project from which property had been taken whose only estimate of current market value was based upon information on the face of an invoice made out more than a year before.
Because the state was unable to prove that the "CB" was worth $100 or more at the time of theft, we reverse the conviction of grand theft of the "CB" and remand, directing the lower court to enter a judgment and sentence for petit theft. Beasley v. State, 394 So.2d 201 (Fla. 4th DCA 1981); see § 812.014(2)(c), Fla. Stat.
Appellant's second point is that the theft of the "CB" and beer truck was one act, as opposed to two separate acts of theft, and that he could therefore only be sentenced to one charge of theft. Thomas v. State, 405 So.2d 1015 (Fla. 1st DCA 1981); Getz v. State, 428 So.2d 254 (Fla. 1st DCA 1982). We disagree. We consider the two charged offenses were sufficiently separated in time as to constitute two valid, separate offenses. As was recently explained in Castelberry v. State, 402 So.2d 1231, 1232 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 470 (Fla. 1982):
Whether an item is a part of one theft or robbery, or two, necessarily depends upon chronological and spatial relationships. If a defendant thrusts a pistol into a victim's ribs and says, "Give me your watch, your wallet, and your tie!!" and the victim complies, only one statutory violation, one robbery has been committed... .
As evident from the facts previously recited in the case at bar, the distinctions in both time and spatial relationships between the two offenses reveal two separate acts of theft. Compare Joseph v. State, 316 So.2d 585 (Fla. 4th DCA 1975). Therefore, we affirm appellant's second point.
Appellant raises a third error relative to a facial conflict between his written sentence and written probation order. The former document states that his sentence is for a term of four years on the burglary charge. The written probation order, however, refers to a five year sentence on the foregoing charge. This facial inconsistency will need to be rectified by bringing both documents into conformity with the lower court's oral pronouncements at the time of sentencing. Byrd v. State, 388 So.2d 1362 (Fla. 5th DCA 1980).
The conviction of grand theft of the "CB" is therefore REVERSED and REMANDED with directions that the lower court enter a judgment and sentence for petit theft of the "CB". The lower court is further directed to bring the written sentencing documents into conformity with its oral pronouncement of sentence.
LARRY G. SMITH and SHIVERS, JJ., concur.
NOTES
[1] In Lewis, the only objection made was that it was not shown that the custodian of certain property taken was the owner of the property, therefore, he was not qualified to testify as to the value. We held that such objection was not sufficient to preserve the point on appeal relating to insufficiency of the evidence supporting the value of the property in excess of $100 at the time of the theft.