PER CURIAM.
This cause is before us on consolidated appeal from Sanders’ convictions for possession of cocaine (lower ease no. 94-969) and possession of cocaine and paraphernalia (lower case no. 94-902). We affirm without comment the trial court’s adjudications of guilt in both cases.
However, as for Sanders’ sentences, we remand with directions that the trial court conform the written sentencing documents to its oral pronouncements (or lack thereof) at the sentencing hearing.[1] Specifically, we direct the trial court to:
*71 1. Conform the written sentencing documents to its oral pronouncement that all of Sanders’ sentences would run concurrently, and that he would receive credit for time served, Taylor v. State, 425 So.2d 1191, 1194 (Fla. 1st DCA 1983);
2. Allow Sanders notice and an opportunity to be heard on the amount of his public defender fee, Kirby v. State, 658 So.2d 1232 (Fla. 1st DCA 1995); and
3. Strike Sanders’ special conditions of probation that were not specifically pronounced at sentencing (i.e., conditions 11,12 and 15). State v. Hart, 668 So.2d 589 (Fla.1996).
JUDGMENTS AFFIRMED; SENTENCES REMANDED WITH DIRECTIONS.
BOOTH, WOLF and BENTON, JJ., concur.

. Per Sanders' motion, the trial court addressed sentencing in both cases in a single consolidated sentencing hearing.