847 So.2d 1015 (2003)
Steven W. DOANE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-52.
District Court of Appeal of Florida, Fifth District.
May 2, 2003.
Rehearing Denied June 25, 2003.
*1016 James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Steven Doane appeals his convictions which were entered by the trial court after a jury found him guilty of two counts of burglary of a structure and one count of grand theft. We affirm his burglary convictions, but reverse his grand theft conviction because the State failed to prove that the stolen items had a market value of $300 or more.
Doane was charged with committing the crime of grand theft which is defined, in pertinent part, as follows:
812.014. Theft.
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property.
(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
* * *
(c) It is grand theft of the third degree and a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if the property stolen is:
1. Valued at $300 or more, but less than $5,000.
§ 812.014, Fla. Stat. (1999)(emphasis added).
Proof of the element of value is essential to a conviction for grand theft and must be established by the State beyond a reasonable doubt. Negron v. State, 306 So.2d 104 (Fla.1974).Value is statutorily defined as follows:
812.012 Definitions.
* * *
(9) "Value" means value determined according to any of the following:
(a)1. Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of *1017 replacement of the property within a reasonable time after the offense.
§ 812.012(9)(a)(1), Fla. Stat. (1999).
"For a conviction for grand theft, the State must establish the market value of the stolen property at the time of the theft beyond and to the exclusion of every reasonable doubt." Gilbert v. State, 817 So.2d 980 (Fla. 4th DCA 2002). In Gilbert, the Fourth District cogently explained the nature of the burden of proof as follows:
In I.T. v. State, 796 So.2d 1220 (Fla. 4th DCA 2001), this court adopted a two pronged test for determining whether the evidence adduced at trial to prove the value of the stolen property is sufficient to withstand a motion for judgment of acquittal. First, the court must ascertain whether the person testifying is competent to testify as to the value of the property. Id. at 1221. This court explained:
"With regard to the first prong ... an owner is generally presumed as competent to testify to the value of his stolen property. The apparent rationale for this rule is that an owner necessarily knows something about the quality, cost, and condition of his property." [Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983) (citation omitted). Mere ownership, however, is insufficient, and the witness must have personal knowledge of the property. Id.

Id. at 1221-22. Second, if the person is competent, the court must ascertain whether the evidence adduced at trial is sufficient to prove that the property was worth over $300 at the time of the theft. Id. Absent direct testimony of the market value of the property, proof may be established through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase or construction. See Negron, 306 So.2d at 108; Taylor, 425 So.2d at 1193. The evidence is insufficient to prove the value of the property is over $300, where the value of the property is estimated and no other proof is presented. See I.T., 796 So.2d at 1222 (evidence insufficient where person testifies that two of the items are probably worth two or three hundred dollars and a third item was "worth at least that much"); Moore v. State, 183 So.2d 563 (Fla. 4th DCA 1966)(testimony that cost of replacing stolen item was approximately $300 where the approximation was not directed solely to stolen item); Toler v. State, 779 So.2d 594 (Fla. 2d DCA 2001)(owner's testimony that property was "roughly" in excess of $300 insufficient); In Interest of F.R., 539 So.2d 588, 590 (Fla. 1st DCA 1989) (evidence insufficient where owner estimated property's value at "about 310 [dollars], something like that").
Id. at 982-983.
Here, in an attempt to establish value, the State presented the testimony of James Prater, the victim of the burglary. Prater testified that two computer monitors, two central processing units, two keyboards, a scanner, a printer, and a 35 mm Nikon camera were taken from his office. He testified that he paid $1,588 on February 6, 1997 for one of the computers, and the scanner was purchased on February 27, 1997 for $320. Prater explained that the other computer was purchased by his property manager and he did not recall how much that computer cost other than it was "several thousand dollars". Prater stated that the cost he incurred in replacing the computers was more than $3,000, but admitted he did not replace the stolen computers with identical models. This testimony, while certainly competent, was insufficient *1018 to prove that the property was worth over $300 at the time of the theft.
The State failed to adduce any other direct testimony of the market value of the stolen property. The State also failed to present any testimony as to the manner in which the items had been used, its general condition and quality, or its depreciation percentage.[1] Furthermore, as computer equipment can become obsolete very quickly, the value of the stolen equipment was not "so obvious as to defy contradiction." Compare Jackson v. State, 413 So.2d 112 (Fla. 2d DCA 1982).
Accordingly, we reverse Doane's grand theft conviction and remand this matter for proceedings consistent with this opinion. See Gilbert v. State, 817 So.2d 980 (Fla. 4th DCA 2002).
AFFIRMED in part, REVERSED in part, and REMANDED.
THOMPSON, C.J., and TORPY, J., concur.
NOTES
[1] Here, there was no testimony from Prater as to what he thought the stolen computer equipment was worth. In fact, on cross examination, Prater admitted he was not qualified to estimate the worth of the equipment.