955 So.2d 1227 (2007)
Johnny SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2208.
District Court of Appeal of Florida, Fifth District.
May 11, 2007.
*1228 James S. Purdy, Public Defender, and Henry T. Swann, III, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Johnny Smith ["Defendant"] appeals the judgment and sentences he received for burglary of a dwelling, burglary of a conveyance, and third-degree grand theft. We conclude that the evidence was sufficient, though barely, for the jury to find that Smith burgled a dwelling. We agree, however, that the State failed to prove that the value of the computer stolen in the burglary was $300 or greater. 812.014(2)(c), Fla. Stat. (2005). At trial, the victim testified that the stolen computer was a Dell laptop, less than a year old, and "might have been about six months old at the time" of the theft. He and his wife had paid around $1,200 when they purchased it. The computer was working when it was returned. No further testimony was presented concerning the laptop.
To convict for grand theft, the state must prove the element of value beyond a reasonable doubt. Evans v. State, 452 So.2d 1040, 1041 (Fla. 2d DCA 1984); see also Pickett v. State, 839 So.2d 860, 861 (Fla. 2d DCA 2003). Under the applicable statutory definition, "value" means "the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained the cost of replacement of the property within a reasonable time after the offense." § 812.012(10)(a), Fla. Stat. (2005). "Value may be established by direct testimony of fair market value or through evidence of the original market cost of the property, the manner in which the items were used, the condition and quality of the items, and the percentage of depreciation of the items since their purchase." Pickett, 839 So.2d at 861-62; see also J.M. v. State, 890 So.2d 369, 370 (Fla. 4th DCA 2004) ("[O]wner's testimony that he paid between $315 and $320 for the vehicle when he purchased it three to four months before the subject *1229 theft . . . was insufficient to establish that the goped's fair market value was $300 or more at the time it was stolen."); D.L. v. State, 546 So.2d 454 (Fla. 3d DCA 1989) (evidence only as to the retail cost of the stolen property, one year prior to the theft, was insufficient to sustain conviction for grand theft).
In Doane v. State, 847 So.2d 1015, 1017 (Fla. 5th DCA 2003), the stolen property consisted of two computer monitors, two central processing units, two keyboards, a scanner, a printer, and a 35 mm Nikon camera. The victim testified that "he paid $1,588 on February 6, 1997 for one of the computers, and the scanner was purchased on February 27, 1997 for $320."[1]Id. He also testified "that the other computer was purchased by his property manager and he did not recall how much that computer cost other than it was `several thousand dollars.'" Id. In explaining its conclusion that this testimony "was insufficient to prove that the property was worth over $300 at the time of the theft," this court said:
The State failed to adduce any other direct testimony of the market value of the stolen property. The State also failed to present any testimony as to the manner in which the items had been used, its general condition and quality, or its depreciation percentage. Furthermore, as computer equipment can become obsolete very quickly, the value of the stolen equipment was not "so obvious as to defy contradiction."
Id. at 1017-18. (citations omitted).
The State argues that "[w]hile it is true that computer equipment can become obsolete very quickly . . . given the fact that the computer was still in working condition and only about six months old, the jury could use their common sense and determine that its value was in excess of $300.00."[2] Because no competent evidence was offered to prove the stolen property's value at the time of the crime, we vacate the Defendant's conviction and sentence for grand theft third degree and instruct the lower court to enter a judgment of guilty for petit theft. In all other respects, we affirm.
AFFIRMED in part; REVERSED in part.
GRIFFIN, THOMPSON and MONACO, JJ., concur.
NOTES
[1] The Doane opinion fails to say when the theft was committed.
[2] The evidentiary issues giving rise to this appeal are basic ones. The State Attorney might consider relying less on intuition and more on training.