MONACO, J.
We affirm the trial court’s finding that the appellant, Timothy James Mulligan, violated the terms of his probation, as well as the sentence for that violation. Mr. Mulligan also asserts that he was not given credit for the time he actually served in prison for the incarcerative portion of his split sentence. See Sainvilus v. State, 689 So.2d 1261 (Fla. 3d DCA 1997). We affirm in this respect, as well, because the error, if any, is unpreserved.
A sentencing error is not appropriately raised on appeal unless it has first been brought to the attention of the trial court either at the time of sentencing or by motion for relief pursuant to Florida Rules of Criminal Procedure 3.800(b). See Fla. R.App. P. 9.140(e); State v. Hamner, 816 So.2d 810, 812 (Fla. 5th DCA 2002). Rule 3.800(b)(2) requires the motion to be filed before the first brief of the party is served. As Mr. Mulligan failed to use either alternative method for relief, he is precluded from raising this issue in his direct appeal. He may, however, seek appropriate post-conviction relief. See Maddox v. State, 760 So.2d 89 (Fla.2000); Hayden v. State, 833 So.2d 275 (Fla. 5th DCA 2002); Durr v. State, 773 So.2d 644 (Fla. 5th DCA 2000).
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.