DANAHY, PAUL W„ Senior Judge.
We review the order of the trial court that found C.G.H., a juvenile, guilty of the delinquent acts of burglary of a conveyance and third-degree grand theft. Following the adjudicatory hearing and findings of guilt, the court withheld adjudication and placed C.G.H. on probation. We affirm the trial court’s finding of guilt of the delinquent act of burglary without further discussion but reverse the finding of guilt as to the grand theft.
An essential element of third-degree grand theft is proof that the value of the stolen property is $300 or more at the time of the theft. § 812.014(2)(c)(l), Fla.
Stat. (2005). At trial the victim testified he purchased the camera taken in the burglary one year prior to the offense. Evidence was presented concerning the purchase price of the camera, but no other information was given to establish the value of the item at the time of the theft. “Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.” § 812.012(10)(a)(l). Testimony only of the purchase price of an item without establishing the value at the time of the theft is insufficient to sustain a finding of guilt of third-degree theft. See Pickett v. State, 839 So.2d 860, 862 (Fla. 2d DCA 2003). Accordingly, we reverse the finding of guilt of grand theft and remand this matter to the trial court. On remand, the trial court is directed to reduce the grand theft to petit theft and enter a new disposition order. See Jones v. State, 958 So.2d 585, 586 (Fla. 2d DCA 2007).
Affirmed in part, reversed in part, and remanded.
ALTENBERND and DAVIS, JJ., Concur.