CANADY, Judge.
K.W. appeals his adjudication of delinquency for first-degree petit theft, arguing that the juvenile court erred in denying his motion for judgment of dismissal because the State did not prove that the value of the stolen cell phone was $100 or more. We disagree and affirm KW.’s adjudication of delinquency.
*715 “A motion for judgment of dismissal in a juvenile case tests the legal sufficiency of the evidence presented by the State.” P.B.P. v. State, 955 So.2d 618, 620 (Fla. 2d DCA 2007). In order to survive a motion for judgment of dismissal, the State must present sufficient evidence “to establish a prima facie case of guilt against the child.” Fla. R. Juv. P. 8.110(k); see also E.A.B. v. State, 851 So.2d 308, 310 (Fla. 2d DCA 2003). “In considering such a motion, the evidence and all reasonable inferences that may be drawn from the evidence must be viewed in the fight most favorable to the State.” P.B.P., 955 So.2d at 620. “[I]f a rational trier of fact could find that the elements of the crime have been established beyond a reasonable doubt, sufficient evidence'exists to sustain the [adjudication].” E.A.B., 851 So.2d at 310.
In order to prove first-degree petit theft, a first-degree misdemeanor, the State must prove that the stolen property was “valued” at $100 or more but less than $300. § 812.014(2)(e), Fla. Stat. (2006). “Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.” § 812.012(10)(a)(l). When direct testimony of fair market value of the stolen item is not available, the supreme court has set forth “four factors which the trier of fact can consider in ascertaining market value ... :(1) original market cost; (2) manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation.” State v. Hawthorne, 573 So.2d 330, 332 (Fla.1991) (citing Negron v. State, 306 So.2d 104 (Fla.1974), receded from on other grounds by F.B. v. State, 852 So.2d 226 (Fla.2003), and Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980)). “Fair market value takes into consideration not only the purchase price, but the manner in which the item was used, its condition and depreciation.” Korica v. State, 791 So.2d 543, 544 (Fla. 2d DCA 2001).
At K.W.’s adjudicatory hearing, the victim testified that K.W. stole the Nextel cell phone in July 2006. The victim’s mother testified that she paid $450 for the phone in May 2006. She testified that when the phone was stolen, it was only three months old and was in “brand new” condition.
Generally, the evidence of value is insufficient when the State presents mere evidence of the purchase price of the stolen item but no evidence establishing the condition, quality, age, or depreciation of the item at the time it was stolen. See, e.g., C.G.H. v. State, 968 So.2d 94, 95 (Fla. 2d DCA 2007) (“Evidence was presented concerning the purchase price of the camera, but no other information was given to establish the value of the item at the time of the theft.”); Pickett v. State, 839 So.2d 860, 862 (Fla. 2d DCA 2003) (reversing conviction for grand theft “[b]ecause the State only established the purchase price for the items and there was no evidence establishing their value at the time of the theft”). The insufficiency of such evidence of the purchase price is not remedied by the addition of bare evidence that the item was in working order when stolen. See Mitchell v. State, 917 So.2d 1056, 1057 (Fla. 2d DCA 2006) (holding that the State did not prove value because although the owner testified to the purchase price of the items and that they were in working order when stolen, “no evidence was offered as to the condition, quality, or age of the items at the time they were stolen or as to any depreciation in value since their purchase” (emphasis added)).
Here, the State’s evidence established more than just the purchase price and that the phone was in working order. *716 The State presented testimony that the cell phone in this case was purchased for $450 only three months before the theft and that at the time of the theft, it was in “brand new,” working condition. In viewing this evidence in a light most favorable to the State, a rational trier of fact could find beyond a reasonable doubt that the value of the cell phone at the time of the theft was $100 or more. See Smith v. State, 305 So.2d 868, 870 (Fla. 3d DCA 1975) (“We think the purchase price [$369.50] in this case was sufficient to prove that the property exceeded $100 in value in light of the fact that the state adduced testimony that the saw was recently stolen and was still in good condition (‘almost brand new’) at the time of the theft, having only been used on one or two occasions previously.”). Indeed, in light of the evidence that the phone was purchased only three months before for $450 and was still in brand new, working condition when it was stolen, “the minimum value” of the phone was “so obvious as to defy contradiction” and “reasonable persons could not doubt that the value of the” phone was at least $100. Jackson v. State, 413 So.2d 112,114-15 (Fla. 2d DCA 1982).
K.W.’s reliance on Smith v. State, 955 So.2d 1227, 1228-29 (Fla. 5th DCA 2007), is misplaced. The Smith court held that evidence that a stolen laptop computer was only six months old, was purchased for $1200, and was in working order was insufficient to establish that the laptop was worth more than $300 at the time it was stolen. In Smith — unlike the instant case — the State did not present evidence that established the condition of the stolen property at the time of the theft. Accordingly, Smith is easily distinguishable.
The trial court did not err in denying K.W.’s motion for judgment of dismissal. We therefore affirm KW.’s adjudication of delinquency.
ALTENBERND and CASANUEVA, JJ., Concur.