GROSS, C.J.
 

 We address the issue of whether the state’s evidence of value of a television in a grand theft case was sufficient to withstand the defendant’s motion for judgment of acquittal. We hold that the state failed to elicit sufficient evidence of value, reverse the grand theft conviction, and remand for the entry of a judgment and sentence for petit theft.
 

 Ramon Lucky was charged with burglary of a dwelling and grand theft of a television. The only evidence of the value of the television came from the victim’s mother, who said that she purchased the flat screen television from BrandsMart six months before the theft for “about $1400.” The state offered no other testimony to establish the fair market value of the television.
 

 The grand theft charge in this case required proof that the value of the television was “$300 or more, but less than $5,000.” § 812.014(2)(c)l., Fla. Stat. (2008). For the purpose of the theft statute, value “means the market value of the property
 
 *692
 
 at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.” § 812.012(10)(a)l., Fla. Stat. (2008).
 

 In
 
 Mansfield v. State,
 
 954 So.2d 74, 76-77 (Fla. 4th DCA 2007), we summarized the law concerning the adequacy of proof of value in a grand theft case:
 

 In
 
 Gilbert v. State,
 
 817 So.2d 980 (Fla. 4th DCA 2002), this court cited
 
 I.T. v. State,
 
 796 So.2d 1220 (Fla. 4th DCA 2001), in which this court adopted a two-pronged test for determining whether the evidence adduced at trial to prove the value of the stolen property is sufficient to withstand a motion for judgment of acquittal. First, the court must ascertain whether the person testifying is competent to testify to the value of the property.
 
 Id.
 
 at 1221. This court explained:
 

 “With regard to the first prong ... an owner is generally presumed as competent to testify to the value of his stolen property. The apparent rationale for this rule is that an owner necessarily knows something about the quality, cost, and condition of his property.”
 
 [Taylor v. State,
 
 425 So.2d 1191, 1193 (Fla. 1st DCA 1983) ] (citation-omitted). Mere ownership, however, is insufficient, and the witness must have personal knowledge of the property.
 
 Id.
 

 I.T.,
 
 796 So.2d at 1221-22.
 

 Second, if the person is competent, the court must ascertain whether the evidence adduced at trial is sufficient to prove that the property was worth over $300 at the time of the theft.
 
 Id.
 
 Absent direct testimony of the market value of the property, proof may be established through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase or construction.
 

 Gilbert,
 
 817 So.2d at 982.
 

 Electrical components like televisions, computers, and stereo systems are subject to accelerated obsolescence because manufacturers are constantly releasing new, improved technology at lower prices. For this reason, purchase price alone is generally insufficient to establish the value of such property in theft cases.
 
 See C.G.H. v. State,
 
 968 So.2d 94, 95 (Fla. 2d DCA 2007) (purchase price of camera a year earlier, without more, not sufficient to establish value of $300 or more);
 
 D.H. v. State,
 
 864 So.2d 588, 589 (Fla. 2d DCA 2004) (state failed to establish value of $300 or more of DVD player, computers, Sony PlayStation2, cameras and other items where victim testified to purchase price of some items; court rejected argument that “sheer number and type” of items established value over $300);
 
 Taylor v. State,
 
 425 So.2d 1191, 1193-94 (Fla. 1st DCA 1983) (evidence that CB radio worth $249 when it was purchased eight months before theft insufficient to establish value of $100 at time of theft). For example, in
 
 Doane v. State,
 
 847 So.2d 1015, 1017 (Fla. 5th DCA 2003), a grand theft charge involved “two computer monitors, two central processing units, two keyboards, a scanner, a printer, and a 35 mm Nikon camera....” The victim testified that he paid $1,588 for one of the computers, $320 for the scanner, and that his property manager paid several thousand dollars for the other computer.
 
 Id.
 
 at 1017. The opinion does not specify the date of the theft. The fifth district held that this evidence “was insufficient to prove that the property was worth over $300 at the time of the theft.”
 
 Id.
 
 at 1017-18. The court reasoned:
 

 
 *693
 
 The State failed to adduce any other direct testimony of the market value of the stolen property. The State also failed to present any testimony as to the manner in which the items had been used, its general condition and quality, or its depreciation percentage. Furthermore, as computer equipment can become obsolete very quickly, the value of the stolen equipment was not “so obvious as to defy contradiction.”
 

 Id.
 
 at 1018 (footnote and citation omitted).
 

 On the other hand, “purchase price and ‘other circumstances’ can be sufficient evidence of market value in the appropriate case.”
 
 Pickles v. State,
 
 313 So.2d 715, 717 (Fla.1975). Thus, in
 
 K.W. v. State,
 
 983 So.2d 713, 716 (Fla. 2d DCA 2008), evidence that the cell phone was purchased for $450 only three months before the theft and that at the time of the theft, it was in “brand new,” working condition, was sufficient to establish value.
 

 Smith v. State,
 
 955 So.2d 1227, 1228 (Fla. 5th DCA 2007), tips- the scale for reversal. There the issue was whether the state failed to prove that the value of a stolen computer was $300 or more. The victim testified that the computer was a Dell laptop, less than a year old, which “ ‘might have been about six months old at the time’ of the theft.”
 
 Id.
 
 at 1228. The victim paid “around $1,200” for the computer, which was working when it was returned to him after the theft. The fifth district rejected the state’s argument that the jury could take the $1,200 purchase price and apply its common sense to determine a value in excess of $300 after only six months of use.
 
 Id.
 
 at 1229. The court held that there was “no competent evidence ... to prove” the computer’s value at the time of the theft.
 
 Id.
 

 In this case, there is even less evidence of value than in
 
 Smith,
 
 because the television was never returned. As in
 
 Doane,
 
 there was no evidence about the general condition of the television when stolen or the manner in which it was used. This is not a case where because of the nature of the stolen property, “reasonable persons could not doubt that its value exceeded the statutory threshold.”
 
 Kitt v. State,
 
 834 So.2d 390, 392 (Fla. 2d DCA 2003) (Casanueva, J., concurring);
 
 see Jackson v. State,
 
 413 So.2d 112 (Fla. 2d DCA 1982) (holding that jury could properly conclude that a 37-foot 1980 Hunter sailboat less than one year old had a value greater than $100).
 

 Because the state failed to establish the value of the property in this case, we vacate the conviction and sentence for grand theft and remand to the circuit court for the entry of a judgment and sentence for petit theft. We affirm the conviction for burglary.
 

 Affirmed in part, reversed in part and remanded.
 

 STEVENSON and TAYLOR, JJ., concur.