ORFINGER, C.J.
Angel Rivera appeals his conviction of grand theft.[1] Mr. Rivera contends that the evidence was insufficient to prove the value of the items taken.[2] Because we find that this issue was not preserved for appellate review, we affirm.
Mr. Rivera was charged with stealing various items from the victims with an aggregate value of $300 or more. The victims testified that they paid approximately $400 for the stolen laptop computer five months prior to the theft, and between $300 and $400 for the stolen X-Box game console five years earlier. They also purchased a number of X-Box games for about $55 each, but did not testify about their value or condition. The State did not offer any testimony concerning the fair market value of the property taken at the time of the theft, and Mr. Rivera did not question the sufficiency of the evidence concerning the fair market value of the stolen property at any point below. Now, on appeal, Mr. Rivera argues that the State failed to present sufficient evidence of the fair market value of the stolen property and, as a result, his felony conviction should be reduced to the lesser offense of petit theft of the second degree. See Alvarez v. State, 56 So.3d 912 (Fla. 5th DCA 2011); see also Smith v. State, 955 So.2d 1227, 1229 (Fla. 5th DCA 2007) (holding that state is required to present competent evidence to prove value of stolen property at time of theft).
The contemporaneous objection rule applies to challenges to the sufficiency of the evidence. See F.B. v. State, 852 So.2d 226, 229-30 (Fla.2003). With two exceptions, a defendant must preserve a claim of insufficiency of the evidence through a timely challenge in the trial court. The first exception is in death penalty cases, in which the supreme court’s review of the sufficiency of the evidence is required by rule. The second exception occurs when the evidence is insufficient to show that a crime was committed at all. *335 Id. Mr. Rivera is not a death-sentenced prisoner nor does he argue that no crime was committed. Rather, Mr. Rivera argues only that the evidence proves him guilty of petit, not grand theft. Because the matter was not preserved for appellate review, we must affirm Mr. Rivera’s grand theft conviction.
AFFIRMED.
MONACO and EVANDER, JJ„ concur.

. § 812.014(1),(2)(c)l„ Fla. Stat. (2010).

. Mr. Rivera was also convicted of burglary of a dwelling, three counts of possession of a firearm by a convicted felon, and three counts of grand theft of a firearm. He does not challenge any of these convictions on appeal.