WALLIS, J.
C.G., a minor, appeals the trial court’s denial of his Motion for Judgment of Dismissal after he was found guilty of first-degree petit theft for stealing a cell phone with a value of $100 or more but less than $300. See § 812.014(1), (2)(e), Fla. Stat. (2012). We conclude that the evidence was insufficient to prove that the value of the cell phone was at least $100. We, therefore, vacate C.G.’s conviction and sentence, and reverse and remand with instructions for the lower court to enter a judgment and sentence for second-degree petit theft, under section 812.014(3)(a), Florida Statutes (2012).
*682 At trial, the victim testified that: (1) he paid approximately $200 for the phone six months before the theft; (2) the phone was in “really good condition”; (3) he purchased a case for the phone and a protective screen for the glass right after purchasing it; (4) there were no cracks or nicks on the phone, case, or screen; (5) the phone’s software was working identically to when the item was first purchased and was operating at the same speed; and (6) the phone was essentially in the same condition at the time it was stolen as it was when purchased. The trial court ruled that “the victim’s testimony is sufficient to establish [value] — since it was only six months before that the value would’ve been in excess of $100.” Appellant’s testimony challenged the condition of the victim’s phone. The trial court determined that there was sufficient evidence of the phone’s value in excess of $100.
The value of a stolen item at the time of the theft is a necessary element of first-degree petit theft; it must be established beyond a reasonable doubt. See Smith v. State, 955 So.2d 1227, 1228 (Fla. 5th DCA 2007) (stating that conviction of grand theft must be supported by proof of item’s value beyond reasonable doubt). Value may be established through direct testimony of fair market value. Id. (citing Pickett v. State, 889 So.2d 860, 861-62 (Fla. 2d DCA 2003)). The owner of stolen property is competent to testify as to the fair market value of the property. Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983). Alternately, in the absence of direct testimony, value can be established through evidence of: (1) the original market cost; (2) the manner in which the property was used; (3) the condition of the property; and (4) the percentage of depreciation of the items since the purchase. Smith, 955 So.2d at 1228. In Smith, the victim testified “that the stolen computer was a Dell laptop, less than a year old, and ‘might have been about six months old at the time’ of the theft.” Id. at 1228. The victim also testified that he paid around $1,200 when he purchased the laptop and that it was working when it was returned. Id. No further testimony was presented concerning the laptop’s value, such as its percentage of depreciation since the purchase date. Our court held that the victim’s testimony was insufficient to establish the value of the computer at the time of theft. Id. at 1229. We have noted that “computer equipment can become obsolete very quickly” and, as a result, that the value is “not ‘so obvious as to defy contradiction.’ ” Id. (quoting Doane v. State, 847 So.2d 1015, 1017-18 (Fla. 5th DCA 2003)). We view cell phones similarly.
 Here, the State did not attempt to establish value of the cell phone through direct testimony. The State also concedes it did not present evidence regarding the depreciation in value. The evidence of value was “not ‘so obvious as to defy contradiction’ ” and, therefore, was insufficient to establish the stolen property’s value at the time of the theft. Accordingly, we vacate C.G.’s conviction and sentence for first-degree petit theft and remand with instructions for the trial court to enter a judgment and sentence under section 812.014(3)(a), Florida Statutes, for second-degree petit theft.
REVERSED and REMANDED with INSTRUCTIONS.
ORFINGER and EVANDER, JJ., concur.