DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SALVATORE BAGNARA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4093

[January 27, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562013CF003530A.

Carey Haughwout, Public Defender, and Amy Lora Rabinowitz, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nicholas I. Igwe, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Appellant, Salvatore Bagnara, appeals his conviction and sentence for one count of burglary of a dwelling and one count of third degree grand theft after he took a riding mower from his neighbor's garage. On appeal, Appellant argues that: 1) the State failed to establish the value of the mower and, therefore, did not prove the charge of grand theft; and 2) the trial court erred by prohibiting Appellant from introducing evidence that the victim did not own the home that Appellant allegedly burglarized. We agree with Appellant and reverse.

The following transpired at Appellant's trial. The victim was Appellant's neighbor. She testified that at the time of the burglary, she was in the process of moving out of her house and was primarily moved out with the exception of a few things, including a riding mower. After returning to the home after a few days' absence to collect the remainder of her belongings, the victim noticed the mower was gone and called the police.

On cross-examination, Appellant's counsel questioned the victim on her ownership of the home. She admitted that the home was foreclosed on, but stated that she thought she had three or four days at the time of the burglary to "get everything out." At this point, Appellant's counsel moved to introduce a judgment of foreclosure concerning the burglarized home and the State objected on relevancy grounds. The court sustained the objection, reasoning that the judgment was not relevant to the issue of whether Appellant committed a burglary.

After the victim reported the mower missing, the officer in charge of the investigation went to speak to the victim's neighbors to determine if anyone had seen or heard anything. Appellant was not home at the time, but another neighbor provided the officer with Appellant's phone number, and the officer called and left a message. Appellant called back and explained that he took the mower under the impression that it was abandoned, and returned it back to the neighbor's driveway. The officer never saw the mower, but valued it at $500 based on what he thought the average used riding mower was worth. The victim testified that her husband purchased the mower in 2011 for "about seven hundred [dollars]", but admitted she was not sure of its worth at the time of the burglary, although she assumed it was over $300. She acknowledged the mower's tires were deflated and the seat was ripped, but she thought that the mower still worked.

Appellant and another neighbor testified that they thought the victim had moved out of her house at the time of the alleged burglary. Appellant further testified that in the months leading up to the mower incident, the victim's house was in foreclosure and was unkempt. Approximately two weeks before the mower was reported stolen, it appeared that the occupants of the home had a "big move day" and moved out. Thereafter, Appellant did not see any of the residents coming or going from the home. He did, however, see what appeared to be potential buyers checking out the property. One such buyer approached Appellant and said he had been inside the home and seen animals living in poor conditions. While trying to retrieve a cat from inside the home, Appellant saw the mower sitting in the garage and thought it had been left for trash. He explained that the tires on the mower were flat, it was dirty, and "covered with all kinds of junk." Appellant took the mower and started to clean it up. Shortly thereafter, he received a call from a police officer and after learning that the mower was not abandoned, promptly put it back.

Considering the above evidence, the jury found Appellant guilty of one count of burglary of a dwelling and one count of grand theft in the third degree.

On appeal, Appellant asserts that the State failed to prove the value of the mower, an element of theft. Appellant acknowledges that his counsel failed to challenge the sufficiency of the evidence via a motion for judgment of acquittal and, therefore, concedes that we may only review for fundamental error. As the Florida Supreme Court has outlined, "[i]n order to be of such fundamental nature as to justify a reversal in the absence of timely objection the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *F.B. v. State*, 852 So. 2d 226, 229 (Fla. 2003) (citations and internal quotations omitted).

"[T]he insufficiency of the evidence to prove one element of a crime does not constitute fundamental error, and therefore this claim must first be raised in the trial court to be preserved for appellate review." *Id.* at 227 (approving this court's opinion in *F.B. v. State*, 816 So. 2d 699 (Fla. 4th DCA 2002), which held that the state's failure to prove the value of items stolen from the victim's residence did not constitute fundamental error). As Appellant did not raise the issue of the sufficiency of the evidence as to the value of the mower during trial, Appellant's argument on this issue is not cognizable on appeal unless he establishes that his counsel's performance was deficient enough to constitute ineffective assistance of counsel on the face of the record.

"The general rule is that a claim of ineffective assistance of counsel may not be raised on direct appeal." *Corzo v. State*, 806 So. 2d 642, 645 (Fla. 2d DCA 2002). "On rare occasions, the appellate courts make an exception to this rule when the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable." *Id.*

> For example, failure to move for a judgment of acquittal when the State has not proved an essential element of its case, when it is clear that the State could not reopen its case to prove that essential element, amounts to ineffective assistance of counsel that may sometimes be adequately assessed from the record on direct appeal.

*Id.*

A conviction for grand theft in the third degree requires competent and substantial evidence showing that the defendant stole property with a "value" of between $300 and $20,000. § 812.014(2)(c)1.–3., Fla. Stat. (2013). "Value" is defined as "the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained,

the cost of replacement of the property within a reasonable time after the offense." § 812.012(10)(a)1., Fla. Stat. (2013).

In *Lucky v. State,* 25 So. 3d 691, 692 (Fla. 4th DCA 2010), this Court outlined the two-pronged test for determining whether the evidence of value elicited by the state at trial is sufficient to withstand a motion for judgment of acquittal. "First, the court must ascertain whether the person testifying is competent to testify to the value of the property," and second, "if the person is competent, the court must ascertain whether the evidence adduced at trial is sufficient to prove that the property was worth over $300 at the time of the theft." *Id.* (citations and internal quotations omitted).

"'With regard to the first prong . . . an owner is generally presumed as competent to testify to the value of his stolen property.'" *I.T. v. State,* 796 So. 2d 1220, 1221–22 (Fla. 4th DCA 2001) (quoting *Taylor v. State,* 425 So. 2d 1191, 1193 (Fla. 1st DCA 1983)); *see also State v. Hawthorne,* 573 So. 2d 330, 333 n.6 (Fla. 1991).

Regarding the second prong, "[a]bsent direct testimony of the market value of the property, proof may be established through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase or construction." *Lucky,* 25 So. 3d at 692 (quotation omitted). Appellant asserts that the evidence was deficient in this regard.

"Generally, the evidence of value is insufficient when the State presents mere evidence of the purchase price of the stolen item but no evidence establishing the condition, quality, age, or depreciation of the item at the time it was stolen." *K.W. v. State,* 983 So. 2d 713, 715 (Fla. 2d DCA 2008). "The insufficiency of such evidence of the purchase price is not remedied by the addition of bare evidence that the item was in working order when stolen." *Id.*

In this case, the evidence introduced by the State to establish the market value of the mower was the testimony of the victim and the testimony of the investigating officer. The victim testified as to the approximate purchase price, the mower's general condition at the time of the theft, and only guessed the mower was worth $300 in the condition it was in at the time of the theft. The police officer testified that he valued the mower in his report at $500 based on his guess as to what a used riding mower would cost and admitted that he made this estimate without actually seeing the mower or knowing anything about its condition.

4

Under the rules surrounding "value," this evidence did not meet the State's burden of proof. *See Tindal v. State*, 145 So. 3d 915, 920 (Fla. 4th DCA 2014) (holding that owner's testimony that he purchased a stolen laptop two years prior to the theft for a price between $1,800 and $2,200 and that he used the laptop for work without any testimony as to the fair market value at the time of the theft was insufficient to establish value); *Wiechert v. State*, 170 So. 3d 109, 111 (Fla. 2d DCA 2015) (reversing because "[t]he victim offered no evidence as to the market value of the [stolen items] at the time of the offense" and instead only provided testimony as to their original purchase price); *Mitchell v. State*, 917 So. 2d 1056, 1057 (Fla. 2d DCA 2006) (holding that the State did not prove value because although the owner testified to the purchase price of the items and that they were in working order when stolen, "no evidence was offered as to the condition, quality, or age of the items at the time they were stolen or as to any depreciation in value since their purchase.").

As the State did not sufficiently prove the mower was worth more than $300 when stolen, it is plain from the face of the record that counsel's failure to seek a judgment of acquittal on the grand theft charge constituted ineffective assistance of counsel. *See Gordon v. State*, 126 So. 3d 292, 295-96 (Fla. 3d DCA 2011) (holding that counsel's failure to properly move for judgment of acquittal when state did not prove all of the elements of charged crime constituted ineffective assistance of counsel). Had counsel made a proper motion for judgment acquittal and argued that the evidence was insufficient to establish the element of value over $300, Appellant would have been entitled to a judgment of acquittal on the grand theft charge, and a reduction of the charge to the lesser included offense of petit theft. *Gilbert v. State*, 817 So. 2d 980, 983 (Fla. 4th DCA 2002).

Next, Appellant argues that the court erred in preventing him from introducing the foreclosure judgment in order to establish that the victim had no possessory interest in the burglarized home at the time of the burglary. The State counters that the court correctly determined the evidence was irrelevant.

"In proving the crime of burglary, a victim's ownership of the building or structure is a material element of the crime." *Pierre v. State*, 77 So. 3d 699, 701 (Fla. 3d DCA 2011). Accordingly, the burglary conviction cannot stand if the victim did not have the requisite possessory interest in the property. *See, e.g., Morris v. State*, 87 So. 3d 89, 91 (Fla. 4th DCA 2012) (employee of burglarized warehouse did not have sufficient possessory interest in warehouse as a victim to sustain burglary conviction). "[T]he ownership element in burglary is not the same as ownership in property law but, rather, means 'any possession which is rightful as against the

burglar and is satisfied by proof of special or temporary ownership.'" *D.S.S. v. State*, 850 So. 2d 459, 461 (Fla. 2003) (quoting *In re M.E.*, 370 So. 2d 795, 796 (Fla. 1979)).

Here, Appellant's theory of the case was that the subject home was abandoned due to foreclosure or, in other words, that the victim did not have any "ownership" or possessory rights in the home at the time of the burglary. While the victim acknowledged the home was foreclosed, she testified that she thought she still had a few more days in the home at the time of the burglary. The victim's testimony placed at issue her right of possession. Therefore, evidence establishing that the victim's interest in the property had been extinguished by a judgment of foreclosure before the burglary was relevant and admissible to support Appellant's defense.

Accordingly, we reverse Appellant's conviction for burglary and remand for a new trial. We reverse the conviction and sentence for third degree grand theft and remand with directions to enter a judgment of guilt for the lesser-included offense of petit theft, and proceed with a resentencing on that count.

*Reversed and remanded.*

MAY, J., concurs.
WARNER, J., concurs in part and dissents in part with opinion.

WARNER, J., concurring in part and dissenting in part.

I would not hold that the attorney's failure to move for a judgment of acquittal based upon failure to prove the value of the stolen property was ineffective assistance of counsel on its face. There was evidence of valuation, which was likely insufficient. However, there was no showing that the State could not have cured the defect by reopening its case. *See Hicks v. State*, 41 So. 3d 327, 329 (Fla. 2d DCA 2010) (noting that where the State failed to prove an essential element of its case, the record on direct appeal may sometimes be adequate to assess ineffective assistance of counsel for failure to move for a judgment of acquittal, if it is clear that the State could not reopen its case to address the element). I concur in the majority opinion with respect to the error of the trial court in failing to admit the judgment of foreclosure in support of the appellant's defense.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**