IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ISAAC GARY CHAPPELL, JR.,

       Appellant,

 v.                                      Case No. 5D15-2761

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed June 24, 2016

Appeal from the Circuit Court
for Osceola County,
A. James Craner, Judge.

James S. Purdy, Public Defender, and Noel
A. Pelella, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Cheesman,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

     Isaac Chappell, Jr., challenges the judgment and sentences he received after

being convicted of burglary of a dwelling and two counts of third-degree grand theft. We

affirm as to the burglary and one of the grand theft convictions without further discussion.

However, we reverse the conviction and sentence for the grand theft involving the laptop

computer and iPad because the evidence was insufficient to prove that the aggregate market value of these items at the time of the theft was $300 or greater as required by section 812.014(2)(c), Florida Statutes (2013).

As we explained in *Smith v. State*, 955 So. 2d 1227 (Fla. 5th DCA 2007):

> To convict for grand theft, the State must prove the element of value beyond a reasonable doubt. . . . "[V]alue" means "the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained the cost of replacement of the property within a reasonable time after the offense." § 812.012(10)(a), Fla. Stat. (2005). "Value may be established by direct testimony of fair market value or through evidence of the original market cost of the property, the manner in which the items were used, the condition and quality of the items, and the percentage of depreciation of the items since their purchase." *Pickett* [*v. State*], 839 So. 2d [860,] 861–62 [(Fla. 2d DCA 2003)]; *see also J.M. v. State*, 890 So. 2d 369, 370 (Fla. 4th DCA 2014) . . . .

955 So. 2d at 1228 (additional citations omitted).

In the present case, there was no direct testimony from the victim of the fair market value of the iPad or laptop computer. Thus, pursuant to *Smith*, to establish the value of the stolen items in the absence of this testimony, the State needed to present evidence of (1) the original market cost of the property, (2) the manner in which the items were used, (3) the condition and quality of the items, and (4) the percentage of depreciation of the items since their purchase. *Id.* The State presented evidence as to the first three factors. The victim testified that he thought he paid $680 for the Toshiba laptop computer approximately three years earlier and that he had paid $700 for the iPad two years before the theft. Both the iPad and the laptop were in working condition on the date of the theft, with the victim describing the iPad as being in "excellent condition" with no dents,

scratches, or damage and the laptop in "fair condition from normal wear and tear usage at work."

However, no testimony was presented by the State as to the fourth factor—the percentage of depreciation of the iPad or the laptop. We have long recognized the importance of this last factor regarding the valuation of computer equipment because this type of equipment "can become obsolete very quickly" and, as a result, "the value of the stolen [computer] equipment [is] not 'so obvious as to defy contradiction.'" *See id.* at 1229 (quoting *Doane v. State*, 847 So. 2d 1015, 1017–18 (Fla. 5th DCA 2003)). The State argues that the above trial evidence was more than sufficient to demonstrate that the aggregate value of the iPad and laptop was at least $300. We disagree and hold that the evidence was insufficient to establish the stolen value of the iPad and laptop computer at the time of the theft. *See id.*; *C.G. v. State*, 123 So. 3d 680, 682 (Fla. 5th DCA 2013).

Accordingly, we reverse Chappell's judgment and sentence for the third-degree grand theft regarding the laptop computer and iPad and remand with instructions for the trial court to enter judgment and sentence on this count under section 812.014(3)(a), Florida Statutes (2013), for second-degree petit theft.[1] *See Smith*, 955 So. 2d at 1229; *C.G.*, 123 So. 3d at 682.

AFFIRMED, in part; REVERSED, in part; and REMANDED, with instructions.

LAWSON, C.J., ORFINGER and LAMBERT, JJ., concur.

---

[1] Based on the record before us, we are convinced that the 1.0 point sentence reduction in Chappell's criminal punishment code scoresheet resulting from the reduction in the degree of the theft conviction would not affect the sentences previously imposed by the trial court for the burglary and the other grand theft. Thus, those sentences remain undisturbed.