IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILLIAM TURNER MARTIN,

      Appellant,

 v.                                     Case No.  5D16-892

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed November 3, 2017

Appeal from the Circuit Court
for Marion County,
Robert W. Hodges, Judge.

James S. Purdy, Public Defender, and
Robert Jackson Pearce III, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Chance,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      William Martin was convicted, after a jury trial, of burglary of a dwelling and grand theft.  On appeal, he argues that the trial court erred in denying his motion for judgment of acquittal on the grand theft charge because the State failed to prove that the value of the stolen items was over $300.  We agree.  *See C.G. v. State*, 123 So. 3d 680, 681-82

(Fla. 5th DCA 2013) (holding that evidence was insufficient to establish value of stolen cellular telephone at $100 or more, and thus was insufficient to support conviction for first-degree petit theft, notwithstanding victim's testimony that he paid approximately $200 for phone six months before theft, that he purchased case for phone and protective screen for glass right after purchasing it, and that phone was in good condition at time it was stolen; phone's value was not so obvious as to defy contradiction, state did not attempt to establish value of cell phone through direct testimony, and state did not present evidence regarding depreciation in value).

Accordingly, we affirm Martin's burglary conviction, but reverse Martin's judgment and sentence for grand theft and remand with instructions for the trial court to enter a judgment of guilt for petit theft. *See Chappell v. State*, 200 So. 3d 159, 160 (Fla. 5th DCA 2016); *Smith v. State*, 955 So. 2d 1227, 1229 (Fla. 5th DCA 2007).

AFFIRMED in part; REVERSED in part; and REMANDED.

EVANDER, BERGER and WALLIS, JJ., concur.

2