DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**T.T.S.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2821

[August 15, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Victoria L. Griffin, Judge; L.T. Case No. 312016CJ000322A.

Carey Haughwout, Public Defender, and J. Woodson Isom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The sufficiency of evidence to support a grand theft charge is challenged in this appeal from a finding of guilt on charges of burglary of a dwelling, grand theft of a firearm, and third degree grand theft. The juvenile argues there was insufficient evidence of identity to support the burglary charge; and his attorney was ineffective in failing to move for a judgment of dismissal on the grand theft charge because there was insufficient evidence of value. We affirm the disposition and finding of guilt on the burglary and grand theft of a firearm charges, but reverse the disposition on the third degree grand theft charge. We remand to the trial court to reduce the charge to petit theft.

- ***The Crime & Trial***

The charges arose from an afternoon burglary of the victim's home. When the victim arrived home from work, she noticed her bedroom blind was up, her drawers pulled out, and everything pulled out of her closet.

She also noticed other drawers opened and their contents removed.

She called the police. The crime scene investigator determined the victim's bedroom window was the point of entry. The soil around the window was disturbed with footprints; fingerprints were on the inside and outside of the window. The CSI was able to obtain three latent fingerprints of value.

Two of the fingerprints came from folders within the office. The third print was from the victim's son's room. The latent fingerprint examiner determined that of the three fingerprints of value, a left palm, right thumb, and right index finger belonged to the juvenile.

The victim knew the juvenile. He was a neighbor, and had purchased a sailboat from her in exchange for doing odd jobs. A few years after acquiring the boat, the juvenile helped the victim put up a Christmas tree in her home. Both the victim testified, and the juvenile admitted, he remained in the living room while helping her with the Christmas tree. In other words, he did not enter the areas of the house where the fingerprints were found.

The victim reported the following things stolen from her home: her wedding band, her late husband's wedding band, a locket, her mother's rosary, a loaded handgun in her husband's bureau, and a bottle of sleeping pills. The victim provided the following testimony concerning the value of the items stolen.

> Q: . . . If you had a garage sale and you sold all that jewelry, what could you get for it?
>
> A: I don't know. Maybe a couple . . . .
>
> Q: Okay. What about, what about your rings and the locket?
>
> A: They just mean, you can't put a price on it for me.
>
> . . . .
>
> Q: Were they gold --
>
> A: Yeah --
>
> . . . .

Q: -- they were gold?

A: It was his wedding band also.

Q: Okay. Do you know, was it 14 karat gold? Or –

A: I think so. 14 or 24 karat back then. I don't know.

. . . .

Q: And was it just a plain band?

A: Yes.

Q: Okay. So two gold bands.

A: And then a gold locket that my daughter had given me with our pictures in it.

Q: And that was a gold locket?

A: Yes.

Q: Okay. So there were three gold pieces.

A: Uh-huh.

Q: Sounds like a piece of costume jewelry. Any other jewelry?

A: Not that I can, know of. I'm not a jewelry person.

. . . .

Q: Do you know what you could get if you, you know, went down, or you just had a garage sale for those three items --

. . . .

[A]: I would, I would think a couple hundred dollars.

Q: Okay. Less than $300?

A: I would say around $300.

3

At the close of the State's case, defense counsel moved for a judgment of dismissal, arguing that the State failed to meet its burden of proving guilt beyond a reasonable doubt. Because the victim testified that the juvenile had been in her home before, defense counsel argued the State had to prove that the three latent fingerprints were made at the time of the crime. The latent fingerprint examiner was unable to pinpoint when the fingerprints were made. The prosecutor responded that the fingerprints were left in areas of the house where the juvenile had never been before.

The trial court denied the motion. The court took the matter under advisement and set a disposition hearing. The court subsequently found the juvenile guilty, withheld adjudication, placed him on probation, and reserved jurisdiction to impose restitution.

From his disposition order, the juvenile now appeals.

- ***The Burglary Charge***

We have de novo review of the trial court's ruling on the motion for judgment of dismissal. *R.H. v. State*, 56 So. 3d 156, 157 (Fla. 4th DCA 2011).

This was a circumstantial evidence case, which required the State to present evidence from which the trier of fact can exclude every reasonable hypothesis of innocence. *K.S. v. State*, 814 So. 2d 1190, 1193 (Fla. 5th DCA 2002). The State did just that. The juvenile's fingerprints were located in an area of the house where the juvenile admittedly had never been before the date of the crime. This sufficiently proved the juvenile's guilt. *Sorey v. State*, 419 So. 2d 810, 813 (Fla. 3d DCA 1982). We therefore affirm the disposition order and finding of guilt on the burglary charge.

- ***The Grand Theft Charge***

In his second issue, the juvenile argues his counsel's ineffectiveness was evident on the face of the record when he failed to move for a judgment of dismissal on the grand theft charge because there was insufficient evidence of value. The State responds that an ineffective assistance of counsel claim is rarely appropriate in a direct appeal. *Ellerbee v. State*, 87 So. 3d 730, 739 (Fla. 2012) (citing *Blanco v. Wainwright*, 507 So. 2d 1377, 1384 (Fla. 1987)). And, the victim was competent to testify as to value and presented sufficient testimony to prove a value of $300. We agree with the juvenile on this issue.

To determine the sufficiency of evidence on value, the court must

4

determine "'whether the person testifying is competent to testify to the value of the property,' and . . . 'whether the evidence adduced at trial is sufficient to prove that the property was worth over $300 at the time of the theft.'" *Bagnara v. State*, 189 So. 3d 167, 171 (Fla. 4th DCA 2016) (quoting *Lucky v. State*, 25 So. 3d 691, 692 (Fla. 4th DCA 2010)). "With regard to the first prong . . . an owner is generally presumed as competent to testify to the value of his stolen property." *Taylor v. State*, 425 So. 2d 1191, 1193 (Fla. 1st DCA 1983).

"Value means the market value of the property at the time and place of the offense[.]" § 812.012(10)(a)1., Fla. Stat. (2016). In the absence of direct testimony as to market value, "proof may be established through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase or construction." *Lucky*, 25 So. 3d at 692 (quoting *Gilbert v. State*, 817 So. 2d 980, 982 (Fla. 4th DCA 2002)). "But a property owner's mere guess at, or uninformed estimate of, the value of his property is insufficient, without more, to establish its value beyond a reasonable doubt." *Fritts v. State*, 58 So. 3d 430, 432 (Fla. 1st DCA 2011).

Here, the victim testified that:

1) three pieces of jewelry, some prescription drugs, and a handgun were taken;

2) the gold was fourteen karat or twenty four karat with no diamonds;

3) she received her wedding band as a promise ring in high school from her husband;

4) the locket was a gift from her daughter; and

5) the jewelry might receive 300 dollars at a garage sale.

A conviction for grand theft in the third degree requires competent and substantial evidence showing that the defendant stole property with a "value" of between $300 and $20,000. § 812.014(2)(c)1.–3., Fla. Stat. (2016). Here, the victim did not testify to the items' original price, their current condition, depreciation, nor the current market value. She did not know the quality of the gold in the rings or the locket. In fact, the State tried to lead her to the $300 figure, which caused the trial court to sustain a leading objection. She wavered on the value and only guessed at $300. While competent to testify to the value of the stolen items, the record reflects the victim could only guesstimate at their value.

Like *Bagnara*, this is a rare case where defense counsel's ineffectiveness in failing to move for a judgment of dismissal appears on the face of the record. For this reason, we reverse the disposition order and finding of guilt on the third degree grand theft charge.

*Reversed and remanded to the trial court to reduce the third degree grand theft charge to petit theft.*

GERBER, C.J., and CIKLIN, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**