766 So.2d 1223 (2000)
Roosevelt SYLVESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2909.
District Court of Appeal of Florida, Fifth District.
September 22, 2000.
James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Roosevelt Sylvester appeals his conviction for grand theft and burglary. The first basis for this appeal is that the trial court erred in denying his motion for judgment of acquittal of the grand theft because the state failed to prove the value of the stolen property. Secondly, Sylvester claims the judge erred by denying his motion to discharge his court-appointed counsel. We affirm.
The items stolen by Sylvester consist of a two-to-three-year-old, 25-inch Zenith television, a three-year-old video camera purchased for $600, shoes for which the victim paid $65, a piggy bank containing approximately $50, and jewelry. One item of the jewelry is a four-year-old tennis bracelet which had been purchased for $2,500. The T.V. was replaced for $360 and the video camera was replaced for $499.
The threshold value to convict Sylvester of grand theft is $300. He argues that there was no evidence of the manner in which the items had been used, their general *1224 condition and quality, or their depreciated value. However, the aggregate value of the items stolen was at least $300 based on the number of items stolen, their newness, and their individual purchase prices (i.e., the tennis bracelet purchased four years earlier for $2,500). The items having a combined value in excess of $300 is "so obvious as to defy contradiction." See Jackson v. State, 413 So.2d 112, 114-115 (Fla. 2d DCA 1982).
Before trial, Sylvester made some vague and generalized allegation that he was not "getting represented right."[1] However, he proceeded to trial with court-appointed counsel without making further attempts to dismiss the assistant public defender,[2] there was overwhelming evidence of guilt against Sylvester,[3] and the record is devoid of any evidence of incompetence.[4] We find this argument to be without merit.
AFFIRMED.
COBB and SAWAYA, JJ., concur.
NOTES
[1] See Lowe v. State, 650 So.2d 969 (Fla.1994), cert. denied, 516 U.S. 887, 116 S.Ct. 230, 133 L.Ed.2d 159 (1995).
[2] See Mitchell v. State, 678 So.2d 1362 (Fla. 1st DCA), rev. denied, 686 So.2d 580 (Fla. 1996).
[3] See Moultrie v. State, 679 So.2d 25 (Fla. 4th DCA 1996).
[4] See Marti v. State, 756 So.2d 224 (Fla. 3d DCA 2000).