SHARP, W., J.
Ramos appeals from his judgment and sentences for having committed burglary of a dwelling with an assault or battery,[1] sexual battery,[2] third degree grand theft,[3] and misdemeanor battery.[4]
Ramos raises numerous points on appeal, including the inadequacy of a Nelson hearing,[5] held by the trial court when he questioned the “competency” of his trial counsel, improper admission of testimony which he claims violated his right to remain silent, the state’s violation of the corpus delicti rule by admitting his admission prior to proof of the crimes, the trial court’s error in denying his request to remove his shackles on the third and last day of trial, violation of the double jeopardy rule by allowing dual convictions for burglary with a battery, sexual battery and simple battery, and his erroneous conviction of grand theft because the state failed to prove the items stolen were worth $300.00 or more. We affirm on all points except his conviction for grand theft.
Ramos was charged and convicted of third degree grand theft, which requires that the state establish the property stolen is valued at $300.00 or more but less than $5,000.00. § 812.014(2)(c)l, Fla. Stat. (2000). Proof of the element of value is essential to sustain a conviction for grand theft and must be established by the state beyond a reasonable doubt. Negron v. State, 306 So.2d 104 (Fla.1974), receded from on other grounds by Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980) and F.B. v. State, 852 So.2d 226 (Fla.2003); Doane v. State, 847 So.2d 1015 (Fla. 5th DCA 2003).
“Value” is statutorily defined as follows:
“Value’ means value determined according to any of the following:
Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replace *1252 ment of the property within a reasonable time after the offense.
§ 812.012(9)(a)l., Fla. Stat. (2000). Section 812.012(9)(b) provides that:
If the value of property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount; if no such minimum value can be ascertained, the value is an amount less than $100.
The property Ramos was convicted of stealing as a result of the burglary was money (perhaps $50.00 in the victim’s wallet), a keyboard, a VCR, and a 27" televi-son set. However, the victim did not testify as to the properties’ current market values, or when she bought the items. She only testified she paid more or less $200.00 for the keyboard, and about $180.00 for the VCR and $250.00 for the TV, but she did not testify as to when the items were purchased or their condition at the time of the burglary.
The original market cost is a factor in establishing value at the time of the taking, but the item’s use, general condition, quality when purchased, percentage of appreciation or depreciation since purchase should also be established. Doane; Gilbert v. State, 817 So.2d 980 (Fla. 4th DCA 2002). Value can also be established with evidence of the replacement cost of a stolen item,[6] although some evidence must be adduced that the replacement item was similar in value to the item stolen at the time of the taking. Doane. But the purchase price of the stolen items, in this case, standing alone, is insufficient to establish their value exceeds $300.00. Soderman v. State, 844 So.2d 823 (Fla. 5th DCA 2003).
Accordingly, we reverse Ramos’ conviction and sentence for grand theft and remand for entry of a judgment and séntence for petit theft. Since Ramos received a sentence of time served on this count and the sentencing points he received for this offense would not have affected his 30 year prison sentence followed by 25 years sex offender probation, as an habitual felony offender for the more serious crimes, the trial court need not resentence Ramos on remand. In all other regards, this case is affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED.
GRIFFIN and TORPY, JJ., concur.

. § 810.02(2)(a), Fla. Stat. (2000).

. § 794.011(5), Fla. Stat. (2000).

. § 812.014(2)(c)(l), Fla. Stat. (2000).

. § 784.03, Fla. Stat. (2000).

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).

. Sylvester v. State, 766 So.2d 1223 (Fla. 5th DCA 2000).