917 So.2d 1056 (2006)
Orlando MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-675.
District Court of Appeal of Florida, Second District.
January 13, 2006.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
*1057 DAVIS, Judge.
Orlando Mitchell challenges his conviction and sentence for first-degree petit theft, arguing that the State failed to establish the value of the items taken. We agree and reverse.
Pursuant to section 812.014(2)(e), Florida Statutes (2003), the State was required to prove that the value of the property taken by Mitchell was more than $100 but less than $300. "`[A]n owner is generally presumed as competent to testify to the value of his stolen property....' Mere ownership, however, is insufficient, and the witness must have personal knowledge of the property." I.T. v. State, 796 So.2d 1220, 1221-22 (Fla. 4th DCA 2001) (quoting Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983)). "Value may be established by direct testimony of fair market value or through evidence of the original market cost of the property, the manner in which the items were used, the condition and quality of the items, and the percentage of depreciation of the items since their purchase." Pickett v. State, 839 So.2d 860, 861-62 (Fla. 2d DCA 2003).
Here, the State failed to meet this burden. Although the owner had personal knowledge of the cell phone and tape recorder taken and therefore was competent to testify as to their value, he merely testified as to the purchase price of each item, establishing that the items, when purchased, had a combined value of more than $100. However, other than the fact that the items were still in working order, no evidence was offered as to the condition, quality, or age of the items at the time they were stolen or as to any depreciation in value since their purchase. See Taylor, 425 So.2d at 1193.
As such, we reverse and remand for entry of a conviction and sentence for petit theft in the second degree. See § 812.014(3)(a).
Reversed and remanded.
CANADY, J., and THREADGILL, EDWARD F., Senior Judge, Concur.