994 So.2d 378 (2008)
Anthony Andrew BLOODSAW, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2189.
District Court of Appeal of Florida, Third District.
October 8, 2008.
*379 Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Timothy R.M. Thomas, Assistant Attorney General, for appellee.
Before COPE, RAMIREZ, and WELLS, JJ.

Revised Opinion
COPE, J.
Anthony Andrew Bloodsaw appeals his convictions for burglary of an unoccupied conveyance and grand theft. We affirm in part and reverse in part.
Defendant-appellant Bloodsaw contends that the evidence was legally insufficient to establish the crime of third degree grand theft, because the evidence failed to establish that the stolen articles had a fair market value of $300 or more at the time of the theft. The defendant's argument is well taken.
The defendant was charged with stealing an electrician's tools from his van. The electrician testified at trial, but the State did not ask his opinion of the fair market value of the equipment at the time of the theft.
At the conclusion of the State's case, the defendant moved for a judgment of acquittal on the theft charge, arguing that the proof of value was insufficient. The motion was denied and the defendant was convicted. The defendant has appealed.
To prove third-degree grand theft, the State bore the burden to establish that the defendant stole property valued at $300 or more, but less than $5000. § 812.014(2)(c)1, Fla. Stat. (2003).
The general rule under the theft statute is that value means fair market value at the time of the theft. § 812.012(10)(a)1, Fla. Stat. (2003).[*]
*380 "Value may be established by direct testimony of fair market value...." Smith v. State, 955 So.2d 1227, 1228 (Fla. 5th DCA 2007); Pickett v. State, 839 So.2d 860, 861 (Fla. 2d DCA 2003).
Alternatively, value may be established by cost minus depreciation, according to the four-part test set forth in Negron v. State, 306 So.2d 104, 108 (Fla.1974), receded from on other grounds, Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980). Under Negron, "[t]he original market cost of the property, the manner in which it has been used, its general condition and quality, [and] the percentage of depreciation since its purchase or construction are elements of proof to be submitted to the jury...." 306 So.2d at 108; see also Mansfield v. State, 954 So.2d 74, 76-77 (Fla. 4th DCA 2007).
"[A]n owner is generally presumed as competent to testify to the value of his stolen property." Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983). "The apparent rationale for this rule is that an owner necessarily knows something about the quality, cost, and condition of his property." Id. Naturally, the owner "must be shown to have personal knowledge of [his or her] property." Id.
In this case, the State never asked the electrician his opinion of the fair market value of the tools on the date of the theft. The State also failed to establish the fair market value under the alternative Negron test. The State asked about cost, manner of use, and condition, but failed to ask the owner's opinion regarding depreciation.
When the defendant by motion for judgment of acquittal pointed out these deficiencies, the State could have requested leave to reopen its case and recall the electrician to express an opinion on value. However, the State made no such request and relied on the record already made.
As a result, the evidence of value is legally insufficient to support the conviction for third-degree grand theft. Negron, 306 So.2d at 108; S.A.S. v. State, 970 So.2d 483 (Fla. 2d DCA 2007); Mansfield, 954 So.2d at 76-77; Pickett, 839 So.2d at 861-62; Dumervil v. State, 603 So.2d 20, 21 (Fla. 3d DCA 1992); J.O. v. State, 552 So.2d 1167 (Fla. 3d DCA 1989); D.L. v. State, 546 So.2d 454 (Fla. 3d DCA 1989); Beasley v. State, 305 So.2d 285, 286-87 (Fla. 3d DCA 1974). We must therefore reverse the conviction for grand theft and remand for reduction of the charge to the lesser charge of petit theft of the second degree, and for resentencing on that count.
We affirm without comment as to the remaining issue on appeal.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[*] There is an exception. If fair market value cannot be satisfactorily ascertained, then the value is measured by "the cost of replacement within a reasonable time after the offense." Id. The exception is not applicable here.