13 So.3d 90 (2009)
K.W., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-2473.
District Court of Appeal of Florida, Third District.
May 20, 2009.
Carlos J. Martinez, Public Defender, and Brian L. Ellison, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Heidi Milan Caballero, Assistant Attorney General, for appellee.
Before ROTHENBERG, LAGOA, and SALTER, JJ.
ROTHENBERG, J.
K.W. appeals from an order withholding adjudication of delinquency and placing him on probation after the trial court *91 found that K.W. committed battery[1] and first degree petit theft. Because the State failed to establish that the market value of the stolen property exceeded $100, we reverse and remand with instructions to reduce the offense level from first degree petit theft to second degree petit theft.
The two victims in this case, Erik Johannessen ("Johannessen") and his girlfriend ("the girlfriend"), were spending a day on Miami Beach during their vacation. The couple left their beach bag near their rented chairs while they swam in the ocean. Upon emerging from the water, Johannessen immediately noticed that the beach bagcontaining two cell phones, two iPod music players, a disposable camera, a wallet, and a pursewas missing.
Johannessen ran up the sand dune toward the street in search of the missing bag. There, on the far side of the sand dune, he saw two juveniles carrying the bag. The juveniles set the bag down, two more juveniles joined them, and all four began to rifle through the bag. When the group noticed Johannessen's presence, they scattered. Johannessen pursued, caught K.W., and grabbed his arm. K.W. pleaded, "I didn't take your phone," and held out the girlfriend's cell phone. K.W. attempted to escape. However, with the help of two others, Johannessen restrained K.W. until the police arrived.
The State charged K.W. with third degree grand theft on the theory that K.W. was responsible for the theft of the contents of the entire bag. However, at the adjudicatory hearing, and on K.W.'s motion for judgment of acquittal, the trial court found that the State failed to prove that K.W. had any involvement with the theft of the bag or its contents, other than the girlfriend's cell phone, which he had in his possession. Although the trial court found that the State failed to establish that the cell phone's value exceeded $300, the trial court found that there was sufficient evidence from which the trial court could conclude that the cell phone was worth in excess of $100. Thus, the trial court found that K.W. committed a first degree petit theft.
On appeal, K.W. argues that given the lack of evidence as to the cell phone's value, the trial court erred in finding that it was worth in excess of $100, and therefore, he can be adjudicated delinquent of no more than a second degree petit theft. We agree.
Under section 812.014(2)(e), Florida Statutes (2007), to establish the commission of a first degree petit theft, the State was required to prove that the stolen property's value exceeded $100. Generally, and no exception is applicable here, "value means fair market value at the time of the theft." Bloodsaw v. State, 994 So.2d 378, 379 (Fla. 3d DCA 2008) (citing § 812.012(10)(a)(1), Fla. Stat. (2003)). Where a witness has personal knowledge regarding the stolen property, the value of the property may be established by direct testimony of its fair market value (usually by the owner), or alternatively, by establishing the cost minus depreciation, taking into account the stolen property's original cost, the manner in which it was used, its condition and quality, and the percentage by which its value has depreciated. Bloodsaw, 994 So.2d at 380; see also Negron v. State, 306 So.2d 104, 108 (Fla.1974), receded from on other grounds, Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); Mansfield v. State, 954 So.2d 74, 76-77 (Fla. 4th DCA 2007).
At the instant adjudicatory hearing, Johannessen testified, but his girlfriend, who owned the cell phone in question, did not, *92 and Johannessen was unable to provide direct testimony establishing the cell phone's fair market value. As to his personal knowledge of the value of his girlfriend's cell phone, Johannessen testified that he did not know the cell phone's purchase price, but that it was silver, it had a number of video/camera features, and it was a more expensive and "nicer" model than his cell phone, which cost him $250. Johannessen did not provide any testimony about the age of the cell phone, its quality, condition, or any depreciation to its value. Despite Johannessen's inability to testify as to the cell phone's value, the trial court determined that the cell phone's value exceeded $100, based on Johannessen's testimony and the trial court's own life experiences.
We recognize that pursuant to section 812.012(10)(b), Florida Statutes (2007), even where the value of the stolen property cannot be ascertained, "the trier of fact may find the value to be not less than a certain amount." See Jackson v. State, 413 So.2d 112, 114 (Fla. 2d DCA 1982) (holding that where the nature of stolen property indicates an incontrovertible minimum value, the trier of fact may rely upon general knowledge to assess a minimum value, although no direct evidence is presented). However, such a discretionary assessment of value is permissible only in "those rare cases where the minimum value of an item of property is so obvious as to defy contradiction." Weatherspoon v. State, 419 So.2d 404, 405 (Fla. 2d DCA 1982). This is not such a case. Therefore, we conclude that the trial court erred in finding that the value of the girlfriend's cell phone exceeded $100.
Accordingly, we reverse the trial court's order insofar as it finds that K.W. committed first degree petit theft, and remand with instructions to reduce the level of the offense to petit theft in the second degree. Because the issue was not presented in this appeal, we affirm without comment that portion of the order finding that K.W. did commit a battery.
Affirmed in part, reversed in part, and remanded with instructions.
NOTES
[1] The battery charge is not involved in the instant appeal.