LAGOA, J.
A.D., a juvenile, appeals from a withhold of adjudication and judicial warning for third degree grand theft. Because there is insufficient proof that the value of the stolen items was more than $300, we are compelled to reverse and remand with instructions to reduce the finding of guilt for third degree grand theft to petit theft.
I. FACTUAL AND PROCEDURAL HISTORY
In case no. 08-4408, the State charged A.D. with burglary of an unoccupied conveyance, burglary of an occupied dwelling, criminal mischief, and grand theft in the third degree. The trial court found him not guilty of burglary of an occupied dwelling and criminal mischief. The trial court found him guilty of burglary of an unoccupied conveyance and grand theft. This appeal ensued.
II. ANALYSIS
On appeal, A.D. argues that the trial court erred in denying his motion for judgment of acquittal on the offense of grand theft in the third degree. A.D. contends that the State failed to establish that the market value of the items stolen was more than $300. We agree.
In order to establish a violation of the third-degree grand theft statute, § 812.014(2)(c)l., Fla. Stat. (2008), the State must prove that the property stolen was valued at $300 or more, as defined by section 812.012(10)(a)l., Florida Statutes (2008). “Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.” § 812.012(10)(a)l. The State may present direct testimony as to the fair market value, testimony establishing cost minus depreciation pursuant to the test set forth in Negron v. State, 306 So.2d 104 (Fla.1974),[1] or testimony as to replacement cost if market value cannot be satisfactorily ascertained. See K.W. v. State, 13 So.3d 90 (Fla. 3d DCA 2009); Bloodsaw v. State, 994 So.2d 378 (Fla. 3d DCA 2008). Because the value of the stolen items is an essential element of the offense, the value must be established beyond a reasonable doubt. See Jackson v. State, 23 So.3d 206 (Fla. 4th DCA 2009); Smith v. State, 955 So.2d 1227 (Fla. 5th DCA 2007); Toler v. State, 779 So.2d 594 (Fla. 2d DCA 2001). An estimate of the value of the items, without more, is insufficient. See Jones v. State, 958 So.2d 585 (Fla. 2d DCA 2007); Sellers v. State, 838 So.2d 661 (Fla. 1st *678 DCA 2003); Gilbert v. State, 817 So.2d 980 (Fla. 4th DCA 2002); Toler, 779 So.2d at 595.
Because the State concedes that insufficient evidence was presented as to the value of the cell phone, fishing rods, and iPod, we address only the evidence presented as to the truck radio and the boat battery charger. We conclude that the record does not contain sufficient evidence establishing the value of the radio and boat battery charger. The State failed to present any evidence of the value of the truck radio or the boat charger at the time and place of the offense. As such, the State failed to prove that the property stolen was valued at $300 or more as defined by section 812.012(10)(a)l. Instead, the victim testified solely as to the replacement cost of these items. Replacement cost, however, is not appropriate under the theft statute[2] unless the State first presents evidence that the market value could not be satisfactorily ascertained. “This step [is] necessary to justify the value of the loss being ascertained by the cost of replacement of the property.” Robinson v. State, 686 So.2d 1370, 1373 (Fla. 5th DCA 1997) (holding that trial court properly adjudicated defendant guilty of petit theft, rather than grand theft, where state “made [no] effort of showing that it could not ‘satisfactorily ascertain’ the market value of the smoke detectors removed from the walls”). Here, the State failed to present any evidence that it could not “satisfactorily ascertain” the market value.
We next address the State’s argument that the finding of guilt may stand based on a finding that the minimum value of the items is self-evident. § 812.012(10)(b), Fla. Stat. (2008). “[S]uch a discretionary assessment of value is permissible only in ‘those rare cases where the minimum value of an item of property is so obvious as to defy contradiction.’ ” K.W., 13 So.3d at 92 (quoting Weatherspoon v. State, 419 So.2d 404, 405 (Fla. 2d DCA 1982)). See also Sylvester v. State, 766 So.2d 1223, 1223-24 (Fla. 5th DCA 2000) (aggregate value of stolen items in excess of $300 “ ‘is so obvious as to defy contradiction’”) (quoting Jackson, 413 So.2d at 114-115 (Fla. 2d DCA 1982) (reasonable persons could not doubt that value of less than one-year old, operable 37-foot sail boat was $100 or more)); Randolph v. State, 608 So.2d 573, 574 (Fla. 5th DCA 1992) (“There are, of course, cases in which the minimum value of an item of property is ‘so obvious as to defy contradiction.’ ” (quoting Jackson v. State, 413 So.2d at 114-115)). We decline the State’s invitation to find that the minimum value of the items is self-evident given the paucity of information on the record regarding the conditions of the items at issue.
Because the State failed to establish the value of the property, we reverse the disposition order and remand with directions to reduce the finding of guilt for grand theft to petit theft.
Reversed and remanded.

. receded from on other grounds by F.B. v. State, 852 So.2d 226 (Fla.2003), and Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980).

. Indeed, this Court in Marrero v. State, 22 So.3d 822, 823 & n. 2 (Fla. 3d DCA 2009), specifically noted that under the criminal mischief statute, "the amount of damage is measured by the cost of repair or cost of replacement. ... By contrast, under the theft statute, the general rule is that value means fair market value at the time of theft.”