35 So.3d 180 (2010)
J.P., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D09-1619.
District Court of Appeal of Florida, Third District.
June 2, 2010.
*181 Carlos J. Martinez, Public Defender, and Melissa C. Del Valle, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.
Before COPE, ROTHENBERG, and SALTER, JJ.
SALTER, J.
J.P., a juvenile, appeals from an order finding that he committed grand theft of property valued at $300 or more,[1] withholding adjudication of delinquency, and placing him on probation. We affirm.

Facts
On May 27, 2008, the principal of Miami Jackson Senior High School was taking inventory of the total number of projectors in the school when she discovered that a number of projectors were missing. The projectors had been ordered by the principal and purchased by Miami-Dade County Public Schools in late 2007, and were installed in March 2008. J.P. was charged with grand theft after admitting to stealing at least two of the missing projectors.
An adjudicatory hearing was held on March 25, 2009, at which the principal testified that each projector had a value of approximately $800. At the conclusion of the State's case, defense moved for a judgment of dismissal, arguing that the State had failed to establish the fair market and value of the projectors at the time of the offense. The motion was denied, and J.P. was found to have committed grand theft of property valued at $1600. Adjudication of delinquency was withheld, and J.P. was placed on probation. This appeal followed.

Analysis
The only issue on appeal is whether the principal's testimony sufficiently established that the value of the two projectors at the time of the theft was $300 or more ($150 or more per projector). We believe it did. Having ordered the projectors, and also being responsible for the purchasing and maintaining of all the school's equipment and materials, the principal was competent to testify as to the projectors' value. Her testimony revealed that each projector's purchase price was approximately $800, that the projectors were brand new when installed in March 2008, that the crime occurred only two months later in May 2008, and that it would cost another $800 to replace each stolen projector.
Appellant's reliance on Bloodsaw v. State, 994 So.2d 378 (Fla. 3d DCA 2008) is misguided. In Bloodsaw, we reversed a conviction for grand theft where the State never asked an electrician for his opinion of the value of his tools on the date they were stolen, despite having asked about the cost, manner of use, and condition. Id. at 380. Here, in contrast, in addition to testifying as to the purchase price, condition, *182 and replacement cost of the projectors, when asked by the State the principal also testified that each projector was worth approximately $800 when they were stolen. Based on the principal's testimony, we find that the State established the fair market value of the property to be $300 or more at the time of the theft.
Affirmed.
NOTES
[1] § 812.014(2)(c), Fla. Stat. (2008).