WALLACE, Judge.
Shane Christopher Newland appeals his judgment and sentences for burglary and first-degree petit theft following a jury trial. Mr. Newland argues that the trial court erred in denying his motion for judgment of acquittal on both counts. We conclude that the trial court did not err in denying Mr. Newland’s motion for judgment of acquittal concerning the burglary charge, and we affirm Mr. Newland’s conviction and sentence for burglary without further discussion. However, we conclude that the trial court erred in denying Mr. Newland’s motion for judgment of acquittal on the charge for first-degree petit theft because the State failed to establish that the value of the stolen property exceeded $100. Accordingly, we reverse his conviction for first-degree petit theft and remand for the trial court to enter a judgment for second-degree petit theft.
On March 21, 2011, Mr. Newland stole a wall-mounted air-conditioning unit from a trailer. The State charged Mr. Newland with burglary and first-degree petit theft related to that incident. In order to establish that Mr. Newland committed first-degree petit theft, the State had to prove beyond a reasonable doubt that the value of the stolen air conditioning unit was “$100 or more, but less than $300.” § 812.014(2)(e), Fla. Stat. (2010). Section 812.012(10)(a)(l) provides that “ ‘[vjalue’ means value determined according to ... the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.”
The only evidence the State introduced about the value of the stolen air-conditioning unit was the testimony of the owner, Kenneth Ford. Mr. Ford testified that he had probably purchased the unit and that he had purchased similar units from Lowe’s or Home Depot for “[pjrobably about $150.” Mr. Ford testified that the stolen air-conditioning unit was one to two years old. He stated that he had not had any problems with the unit and that it was working when it was stolen. When Mr. Ford was asked what the approximate value of the air-conditioning unit was- on March 21, 2011, he stated: “When they’re new you pay about $150 for them. So if you have to replace it, you pay $150.”
We agree with Mr. Newland’s argument that the State failed to establish beyond a reasonable doubt that the fair market value of the stolen air-conditioning unit was greater than $100.
Value may be established by direct testimony of fair market value or through evidence of the original market cost of the property, the manner in which the items were used, the condition and quality of the items, and the percentage of depreciation of the items since their purchase.
Mitchell v. State, 917 So.2d 1056, 1057 (Fla. 2d DCA 2006) (quoting Pickett v. State, 839 So.2d 860, 861-62 (Fla. 2d DCA 2003)); see also K.W. v. State, 983 So.2d 713, 715 (Fla. 2d DCA 2008) (“Generally, the evidence of value is insufficient when the State presents mere evidence of the purchase price of the stolen item but no evidence establishing the condition, quality, age, or depreciation of the item at the time it was stolen.”).
Here, there was no direct testimony about the fair market value of the air-conditioning unit. In addition, other than the fact that the air-conditioning unit was in working condition and about one to two *484 years old, there was no evidence about the unit’s condition, quality, or any depreciation in value since its purchase. See K.W., 983 So.2d at 715; Mitchell, 917 So.2d at 1057. Moreover, there was no evidence to support the State’s assertion on appeal that “this was not an appliance which had a depreciation value” and that “[i]f it was working[,] it was worth $150[,] and if it was not workingU it was worth $0.” Thus the State’s evidence failed to establish the fair market value of the stolen air-conditioning unit.
In addition, the State could not rely upon Mr. Ford’s testimony about the replacement value of the air-conditioning unit to meet its burden in this case. First, replacement cost under the theft statute is not an appropriate measure of value “unless the State first presents evidence that the market value could not be satisfactorily ascertained.” A.D. v. State, 30 So.3d 676, 678 (Fla. 3d DCA 2010). Here, the State did not present any evidence that the fair market value of the air-conditioning unit could not be satisfactorily ascertained. Second, replacement value means replacement with like property that is similar in value to the item stolen at the time of the taking. Ramos v. State, 864 So.2d 1250, 1252 (Fla. 5th DCA 2004); Doane v. State, 847 So.2d 1015, 1017-18 (Fla. 5th DCA 2003). At best, Mr. Ford’s testimony established his estimate of the cost to buy a new air-conditioning unit based upon his prior purchase of similar new units from Lowe’s or Home Depot. He did not provide any testimony of the cost to replace the stolen air-conditioning unit within a reasonable time after the theft with a similar unit about one to two years old.
Because we conclude that the State failed to prove that the value of the property taken by Mr. Newland was greater than $100, we reverse his conviction for first-degree petit theft and remand for the trial court to enter a judgment against him for second-degree petit theft. See Mitchell, 917 So.2d at 1057.
Affirmed in part, reversed in part, and remanded.
DAVIS, C.J., and LaROSE, J., Concur.