DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**E.G.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D14-1499, 4D14-1500
and 4D14-1501

[December 9, 2015]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kathleen J. Kroll, Judge; L.T. Case Nos. 502012CJ003823A, 502013CJ001598A, and 502014CJ000133A.

Carey Haughwout, Public Defender, and Zainabu Rumala, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We reverse appellant's conviction of grand theft because the state failed to offer sufficient evidence that the value of the stolen cell phone was $300 or more. § 812.014(2)(c), Fla. Stat. (2014). Although the victim testified that he had his original sales receipt, the state neglected to ask him about the original purchase price of the phone, a fact which, when combined with testimony about the phone's age, condition, and how it had been customized, would have supported a finding that the "market value" of the phone "at the time and place of the offense" was at least $300. § 812.012(10)(a)(1), Fla. Stat. (2014).

The state may not rely on the evidence presented about the replacement cost of the phone. Replacement cost "'is not appropriate under the theft statute unless the state first presents evidence that the market value could not be satisfactorily ascertained.'" *Tindal v. State*, 145 So. 3d 915, 920 (Fla. 4th DCA 2014) (quoting *A.D. v. State*, 30 So. 3d 676, 678 (Fla. 3d DCA 2010)). "'This step [is] necessary to justify the value of the loss being

ascertained by the cost of replacement of the property.'" *A.D.*, 30 So. 3d at 678 (quoting *Robinson v. State*, 686 So. 3d 1370, 1373 (Fla. 5th DCA 1997)). The state presented no evidence that the market value of the phone could not be satisfactorily ascertained.

We reverse the finding of grand theft and remand for the entry of a conviction for petit theft. The circuit court shall reconsider its ruling on the violation of probation in light of the petit theft conviction. We affirm the restitution order because "the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence," and not beyond a reasonable doubt. § 775.089(7), Fla. Stat. (2014); *see* § 985.437, Fla. Stat. (2014); *A.G. v. State*, 718 So. 2d 854, 855 (Fla. 4th DCA 1998) (stating that restitution in a juvenile proceeding under section 39.054(1)(f), Florida Statutes (1995), the predecessor to current section 985.437, "is treated the same as restitution in adult proceedings under section 775.089"). Under the lower standard of proof, there was sufficient evidence of value to support the restitution award.

*Reversed in part, affirmed in part, and remanded.*

GROSS, MAY and CONNER, JJ., concour.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***