DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHNIE AKWAN WALKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2994

[May 11, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David Crow, Judge; L.T. Case No. 50-2013-CF-008925-AXXX-MB.

Carey Haughwout, Public Defender, and Zainabu Rumala, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

The issue in this appeal is whether there was sufficient evidence of the value of a stolen laptop to support appellant's conviction for third-degree grand theft. Because the state introduced evidence of only the purchase price of the laptop, and no other evidence of the value of the laptop at the time of the theft, we reverse and remand for entry of a judgment and sentence for second-degree petit theft.

Appellant broke into a house and stole a Dell laptop in August 2013. The victim testified that the laptop had a value of $800 because she purchased it for that amount in 2012. Appellant moved for a judgment of acquittal on the grand theft charge, arguing that the state presented insufficient evidence as to the value of the laptop. The trial court denied the motion. After a jury verdict, the trial court adjudicated appellant guilty of burglary of a dwelling and grand theft. On appeal, appellant challenges only his conviction for grand theft. He does not raise any issues with respect to his burglary conviction.

To establish third-degree grand theft, the state must prove that the value of the stolen property at the time of the theft was $300 or more. §§ 812.012(10)(a)(1), 812.014(2)(c)(1), Fla. Stat. (2013). "Absent direct testimony of the market value of the property, proof may be established through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase or construction." *Tindal v. State*, 145 So. 3d 915, 920 (Fla. 4th DCA 2014) (citation omitted). "Evidence of the purchase price and age of the stolen item, without more, is insufficient." *Id.*

*Tindal* is dispositive on this issue. In that case, the victim testified to the purchase price of a laptop in 2007 and the amount it would have cost to replace it two years later when it was stolen. This court reversed the trial court's denial of the defendant's motion for judgment of acquittal on the grand theft charge, and instructed the trial court to reduce the conviction to second-degree petit theft.

Like in *Tindal*, here the state introduced evidence of only the purchase price and the age of the laptop. There was no other evidence of market value such as the manner in which the item was used, its general condition and quality, and the percentage of depreciation. The state argues that unlike in *Tindal*, here the laptop was stolen only one year after its purchase, whereas in *Tindal* it was stolen two years after its purchase. We find the difference between a one-year-old laptop and a two-year-old laptop is not significant enough to the issue of the value of the stolen item at the time of the theft. "Electrical components like . . . computers . . . are subject to accelerated obsolescence because manufacturers are constantly releasing new, improved technology at lower prices." *Lucky v. State*, 25 So. 3d 691, 692 (Fla. 4th DCA 2010).

In sum, because the evidence was insufficient to establish the value of the laptop at the time of the theft, we reverse the conviction for grand theft and remand for entry of a conviction for second-degree petit theft. Because appellant does not contest his burglary conviction, that conviction stands.

*Reversed and remanded for entry of a conviction and sentence for second-degree petit theft.*

STEVENSON and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**