PER CURIAM.
Affirmed. See Negron v. State, 306 So.2d 104, 108 (Fla. 1975), receded from on other grounds, F.B. v. State, 852 So.2d 226 (Fla. 2003) (holding: "Proof of the element of value is essential to a conviction for grand larceny and must be established by the State beyond and to the exclusion of every reasonable doubt. In determining the value of property, proof thereof may be shown by such elements or facts affecting the question as may exist. Recourse may be had to the items of cost, as well as the utility and use of the property. The original market cost of the property, the manner in which it has been used, its general condition and quality, the percentage of depreciation since its purchase or construction are elements of proof to be submitted to the jury to aid it in ascertaining value in such cases"); Bloodsaw v. State, 994 So.2d 378 (Fla. 3d DCA 2008) ; Gilbert v. State, 817 So.2d 980 (Fla. 4th DCA 2002). See also § 812.012(10)(a)1., Fla. Stat. (2017) (providing that "value" as used in sections 812.012-812.037 means, inter alia, "the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense"); § 92.605(5), Fla. Stat. (2017) (providing: "In a criminal proceeding in a court of this state, an out-of-state record of regularly conducted business activity, or a copy of such record, shall not be excluded as hearsay evidence by s. 90.802, if an out-of-state certification attests that: (a) Such record was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (b) Such record was kept in the course of a regularly conducted business activity; (c) The business activity made such a record as a regular practice; (d) If such record is not the original, it is a duplicate of the original, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness"); § 90.902(11), Fla. Stat. (2017) (providing that "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required for admissibility" of an "original or duplicate of evidence that would be admissible under s. 90.803(6), which is maintained in a foreign country or domestic *553 location and is accompanied by a certification or declaration from the custodian of the records or another qualified person" setting forth the requisite factors for admission as provided in section 90.803(6) ).