EMAS, C.J.
Following a jury trial, Cheyenne Gonzalez was convicted of grand theft (a third-degree felony) and sentenced to five years in prison followed by five years' probation.[1] On appeal, Gonzalez contends that the trial court erred in denying his motion for judgment of acquittal, in which he requested that the third-degree felony grand theft charge be reduced to second-degree misdemeanor petit theft, because the State failed to present competent substantial evidence that the value of the stolen property exceeded the felony threshold of $300 under section 812.014(2)(c) 1, Florida Statutes (2017).[2] We agree with Gonzalez, reverse *768 the judgment and sentence, and remand for the trial court to enter an amended judgment for second-degree petit theft, a second-degree misdemeanor. The court shall also conduct a new sentencing hearing, as the current sentence exceeds the statutory maximum for second-degree petit theft. We expedited this appeal upon motion of Gonzalez, and direct the trial court to act with all deliberate speed on remand.
FACTS
The victim was dining at a restaurant when Gonzalez stole her Louis Vuitton Neverfull purse. The purse, which was less than a year old, contained the victim's iPhone 6, Gucci Wallet, and keys. The victim testified to the original purchase price of the purse ($1,500) and the wallet ($700).
During direct examination, the State asked the victim: "[B]ased off your knowledge and research that you conducted, what would be the cost to obtain or to replace the purse?" Gonzalez objected on hearsay grounds and the trial court judge overruled the objection, stating the victim could answer "based on her experience." The victim responded: "I did actually look on eBay to see where to resell the purse, what that might cost, and that is around a thousand dollars retail value." In like manner, and again over objection, the victim testified how she determined the replacement value of the wallet, which she said would be "about $400."
After the State rested, Gonzalez moved for judgment of acquittal on the grand theft charge, contending that the State failed to establish the $300 value threshold to prove felony grand theft, requiring that the charge be reduced to second-degree petit theft. The trial court denied the motion.
Gonzalez was convicted of grand theft. The court sentenced Gonzalez to a five-year mandatory minimum as a habitual violent felony offender followed by five years of probation. Gonzalez renewed his motion for judgment of acquittal which was also denied. This appeal follows.
STANDARD OF REVIEW
While a trial court's decisions on admission of evidence are generally reviewed for an abuse of discretion, "whether a statement is hearsay is a matter of law and is subject to de novo review on appeal." Cannon v. State, 180 So. 3d 1023, 1037 (Fla. 2015). Denial of a motion for judgment of acquittal is likewise reviewed de novo. Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002).
ANALYSIS AND DISCUSSION
In a theft prosecution, the degree of the crime is generally based on the value of the stolen property. Here, the State charged Gonzalez with grand theft, a third-degree felony requiring proof that the value of the stolen items was $300 or more, but less than $5000. See § 812.014(2)(c), Fla. Stat. To prove the value of the stolen items, the State introduced evidence of the stolen items' replacement cost. In doing so, the State improperly relied on the victim's search of eBay sales listings for purses comparable to her Louis Vuitton Neverfull purse. The trial court erred in permitting the introduction of this evidence over the defense's hearsay objection.[3]
" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. (2018). There is no question that the victim's testimony *769 about a comparable purse's sale price displayed on eBay was intended to prove the truth of the matter asserted: that the actual worth or market value of the property was the sale price listed online. F.T. v. State, 146 So. 3d 1270, 1273 (Fla. 3d DCA 2014) ; see also Phillips v. State, 141 So. 3d 702, 705 (Fla. 4th DCA 2014) (noting: "[T]he victim's reliance on hearsay evidence from websites resembles a witness's reliance on hearsay evidence from a catalog or contacts with non-witnesses ....")[4] The victim's testimony was therefore inadmissible hearsay and Gonzalez's objection should have been sustained.
Because the only relevant evidence on the value of the property at the time of theft was inadmissible hearsay, the trial court erred in denying the original motion for judgment of acquittal. Leggett v. State, 237 So. 3d 1144, 1147 (Fla. 3d DCA 2018).
Theft of property valued at more than $300 but less than $5,000 is grand theft of the third degree. See § 812.014(2)(c) 1., Fla. Stat. " 'Value' [of the stolen property] is defined as 'the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.' " Bruce v. State, 276 So.3d 1, 2019 WL 2121652 (Fla. 4th DCA May 15, 2019) (quoting § 812.012(10)(a)(1), Fla. Stat. (2016) ). "Because the value of the stolen items is an essential element of the offense, the value must be established beyond a reasonable doubt." A.D. v. State, 30 So. 3d 676, 677 (Fla. 3d DCA 2010).
The State can establish value by direct testimony from a witness with personal knowledge of the stolen property's fair market value at the time of the theft. See K.W. v. State, 13 So. 3d 90, 91 (Fla. 3d DCA 2009) (holding: "Where a witness has personal knowledge regarding the stolen property, the value of the property may be established by direct testimony of its fair market value"); Bloodsaw v. State, 994 So. 2d 378 (Fla. 3d DCA 2008). As a general rule, "an owner of property is considered to be qualified to testify as to the fair market value of that property at the time of theft." K.F. v. State, 746 So. 2d 493, 494 (Fla. 1st DCA 1999) ; see also A.G. v. State, 718 So. 2d 854 (Fla. 4th DCA 1998).
However, the State did not introduce such testimony in the instant case. Instead, the State attempted to prove fair market value consistent with the Florida Supreme Court's decision in Negron v. State, 306 So. 2d 104 (Fla. 1974), receded from on other grounds, Butterworth v. Fluellen, 389 So. 2d 968 (Fla. 1980). In Negron, the Court established an alternative method for proving fair market value. As later described by the Court in State v. Hawthorne, 573 So. 2d 330, 332 (Fla. 1991) :
In Negron, this Court held that if the value of property is an essential element of a crime, then that value should be based upon the market value of the property at the time of the crime. 306 So. 2d at 108. This Court also announced four factors which the trier of fact can consider in ascertaining market value in such a case: (1) original market cost; (2) manner in which the item was used; (3)
*770 the general condition and quality of the item; and (4) the percentage of depreciation. Id.
In this case, the State presented evidence regarding only the first Negron factor: original market cost. As Gonzalez pointed out in his motion for judgment of acquittal, the State presented no evidence on the manner in which the items were used; their general condition and quality; or the percentage of depreciation. Under these circumstances, the absence of this evidence is fatal to the State's case.
Value is not established "when the State presents mere evidence of the purchase price of the stolen item but no evidence establishing the condition, quality, age, or depreciation of the item at the time it was stolen." Bagnara v. State, 189 So. 3d 167, 171-72 (Fla. 4th DCA 2016) (quotation omitted); compare Walker v. State, 191 So. 3d 949 (Fla. 4th DCA 2016) (holding there was insufficient evidence to establish value where the victim testified that the year-old laptop was purchased for $800, but the State presented no evidence on manner in which the stolen laptop was used, its general condition, or the percentage of depreciation), and Carter v. State, 238 So. 3d 362, 364 (Fla. 1st DCA 2017) (holding there was insufficient evidence to establish value where the State offered "[t]estimony approximating the value of [stolen electronics]" but no evidence about the condition and depreciation of the property), with K.W. v. State, 983 So. 2d 713, 715-16 (Fla. 2d DCA 2008) (holding that there was sufficient evidence to establish value where the phone was only three months old at the time of theft and the State presented evidence of the phone's purchase price and its "brand new" condition at the time of the theft).
The State's reliance on replacement cost evidence was also misplaced because the State never offered evidence that it was impossible to establish the market value of the items. See A.D., 30 So. 3d at 678 (holding: "Replacement cost ... is not appropriate under the theft statute unless the State first presents evidence that the market value could not be satisfactorily ascertained. This step [is] necessary to justify the value of the loss being ascertained by the cost of replacement of the property") (quotation omitted); E.G. v. State, 180 So. 3d 1152 (Fla. 4th DCA 2015) (holding that the State was not entitled to rely on replacement cost of stolen phone because it presented no evidence that the market value of the phone could not be satisfactorily ascertained). Therefore, the victim's testimony regarding the replacement cost of the purse and wallet could not establish value even if that testimony had been admissible.
The only admissible evidence of value in the instant case was the victim's testimony of the original purchase price of the purse ($1,500) and wallet ($700). This was simply insufficient to prove value for purposes of the offense of grand theft. The State therefore failed to introduce any evidence of value of the property at the time of the theft, failed to satisfy Negron's alternative method for proving fair market value, and improperly relied upon hearsay evidence of replacement cost.
In the alternative, the State contends that it established the felony threshold for fair market value because the fair market value "is so obvious as to defy contradiction." For this proposition, the State relies on Sylvester v. State, 766 So. 2d 1223 (Fla. 5th DCA 2000) which, in turn, relied on the Second District's holding in Jackson v. State, 413 So. 2d 112 (Fla. 2d DCA 1982). A brief review of these cases is necessary to understand why Sylvester is not applicable.
*771 In Jackson, the Second District observed that the legislature, in 1977, amended the theft statute to provide an alternative way to determine value in a theft prosecution:
(b) If the value of property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount; if no such minimum value can be ascertained, the value is an amount less than $100.
The Jackson court concluded that the amendment "intended, in limited or unusual circumstances, to broaden the manner of proof of 'minimum' value to enable the trier of fact to determine degrees of theft." Id. at 114.
The Jackson court continued:
In those unusual circumstances where the minimum value of an item of property is so obvious as to defy contradiction, the better rule seems to be that relied upon by the Supreme Court of Illinois in People v. Tassone, 41 Ill.2d 7, 241 N.E.2d 419 (1968). In Illinois it was necessary to prove the value of property stolen was in excess of $150 to constitute a felony. In Tassone the defendant was charged with the felony theft of "a tractor trailer and one lot of merchandise, of the value of more than $150." Id. 241 N.E.2d at 422. No evidence of value was offered. In affirming the defendant's adjudication of guilt, the Illinois Supreme Court said:
It is true that in this case there was no direct proof of value. However, it has been well recognized that judicial notice may be taken of the fact that property has some value, although the courts have been reluctant to take notice of any specific value. ( People v. Kurtz, 37 Ill.2d 103, 224 N.E.2d 817 ; People v. Price, 81 Ill.App.2d 111, 225 N.E.2d 453 ; People v. Kelly, 66 Ill.App.2d 204, 214 N.E.2d 290.) We see no valid reason why notice may not be taken in a case such as this that the property has a value of over $150. Courts do not operate in a vacuum; they are presumed to be no more ignorant than the public generally, and will take judicial notice of that which everyone knows to be true. ( Owens v. Green, 400 Ill. 380, 394, 81 N.E.2d 149.) To say that it is not common knowledge that a large tractor and trailer are worth more than $150 is to close our eyes to reality. We do not take judicial notice of the exact value of the property but we do take notice that it is worth more than $150.
Id. at 114-15 (quotation and citations omitted).
In 2000, the Fifth District followed Jackson's reasoning in Sylvester, the case relied upon by the State here. Sylvester was convicted of third-degree grand theft, for stealing, inter alia: a two-to-three-year old 25-inch Zenith television, a video camera purchased three years earlier for $600, and a tennis bracelet purchased four years earlier for $2500. Sylvester, 766 So. 2d at 1223. Sylvester contended that the trial court erred in denying his motion to reduce the offense to misdemeanor petit theft because the State failed to introduce evidence of the property's value, or evidence regarding the condition and quality of the stolen items or their replacement value or depreciation. The Fifth District affirmed the conviction for felony grand theft, holding that "[t]he items having a combined value in excess of $300 is 'so obvious as to defy contradiction.' See Jackson v. State, 413 So. 2d 112, 114-115 (Fla. 2d DCA 1982)." Sylvester, 766 So. 2d at 1224.
However, eleven years later, in Marrero v. State, 71 So. 3d 881 (Fla. 2011), the Florida Supreme Court overruled Jackson-the very case upon which the *772 Sylvester decision was based. In Marrero, the Florida Supreme Court held:
In Jackson v. State, 413 So. 2d 112, 114 (Fla. 2d DCA 1982), the Second District interpreted section 812.012(9)(b), Florida Statutes (1979), to allow a defendant to be found guilty of theft of property valued at $100 or more "absent any specific proof of value by the state ... when, by the very nature of the property stolen, reasonable persons could not doubt that its value exceeded $100." The Jackson court did note, however, that "[i]n doing so, we stress the fact that this should occur only in those rare instances when the minimum value is undisputable and the jury cannot ascertain a specific value from the evidence or lack of evidence before it." Id. (emphasis supplied).
Jackson improperly breathes an extremely broad interpretation of a narrow statutory provision into the criminal theft statute. Section 812.012(10)(b) provides that "[i]f the value of property cannot be ascertained , the trier of fact may find the value to be not less than a certain amount." (Emphasis supplied.) A plain reading of this criminal theft provision reveals that a jury is only allowed to determine a minimum value instead of an actual value if the value of property cannot be ascertained. Jackson replaces the requirement that the value of the stolen property be impossible to ascertain with a completely unrelated condition of the State's failure to present evidence of value (although capable of valuation) and jurors "could not doubt that its value exceeded" the required amount. See Jackson, 413 So.2d at 112. This misinterpretation of the criminal theft statute is not supported by any authority whatsoever and in fact runs contrary to the plain language of the criminal theft statute and the criminal mischief statute. We therefore disapprove of Jackson's disregard of the impossibility prerequisite articulated in section 812.012(10)(b).
Id. at 888-89.
While it is true that the Marrero decision expressly overruled only Jackson, it is also true that Sylvester cannot survive Marrero's holding, given that Sylvester is expressly premised on Jackson.[5]
We reverse the judgment and sentence for grand theft and remand this cause to the trial court to enter an amended judgment for second-degree petit theft, a second-degree misdemeanor. The court shall also hold a new sentencing hearing, at which Gonzalez has a right to be present and represented by counsel. The trial court shall thereafter enter an amended sentence, as the current sentence exceeds the statutory maximum for second-degree petit theft. The trial court is directed to act with all deliberate speed in complying with these directions on remand.

Gonzalez was sentenced as a habitual felony offender pursuant to section 775.084(4), Florida Statutes (2017), which requires a minimum mandatory sentence of five years.

Under section 812.014(c) 1.: "It is grand theft of the third degree and a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if the property stolen is ... [v]alued at $300 or more, but less than $5,000."

The state does not dispute that the hearsay issue is preserved for appeal.

The State attempts, unsuccessfully, to distinguish Morrill v. State, 268 So. 3d 160 (Fla. 4th DCA 2019) (holding that the State failed to provide competent evidence on fair market value of stolen necklace where a declarant referenced non-specific "internet" sources to establish value via replacement cost evidence) from this case on the basis that, here, the victim identified eBay as a specific source. This is a distinction without difference. Whether a statement qualifies as hearsay does not depend on whether the witness repeating the out of court statement can identify the original declarant.

Indeed, in Marrero the Florida Supreme Court ended its opinion by noting: "We also disapprove of Jackson v. State and the other decisions in this context that apply a 'life experience' exception to requiring proof of value." 71 So. 3d at 891 (emphasis added).