# Third District Court of Appeal

## State of Florida

Opinion filed October 25, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1271
Lower Tribunal No. F20-10559
_____

**Jorge Alfaro,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Laura Anne Stuzin, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and HENDON and BOKOR, JJ.

HENDON, J.

The defendant below, Jorge Alfaro ("Mr. Alfaro"), appeals from a final judgment of conviction and sentence for third degree grand theft, a third degree felony, for theft of property valued at $10,000 or more, but less than $20,000, in violation of section 812.014(2)(c)(3), Florida Statutes (2019), asserting that the trial court erred by denying his motion for judgment of acquittal. Based on our de novo review, we disagree. See Leggett v. State, 237 So. 3d 1144, 1146 (Fla. 3d DCA 2018) (holding that the denial of a judgment of acquittal is reviewed de novo).

Mr. Alfaro was charged with grand theft second degree, a second degree felony, under section 812.014(2)(b), for allegedly stealing jewelry in July 2020, from his ex-girlfriend, Rogelia Jimenez Thamas ("Ms. Thamas")—a Rolex watch and a platinum wedding band with diamonds. At trial, Ms. Thamas testified that in 2004, she purchased the Rolex watch for her late husband for $19,750 at Mayors Jewelry. She described the Rolex watch as a sixteen-year-old Submariner gold watch, with an 18-kt gold band, with "[n]ormal wear and tear," such as scratches. As to the ring, she testified that she purchased the ring at Mayors in 2002 for her late husband for "somewhere around [$]2,900." During Ms. Thamas's testimony, the State introduced a photo taken by Mr. Alfaro of his hand, in which he is wearing the Rolex watch and wedding band. This photo was taken without

Ms. Thamas's knowledge, but it was later discovered by Ms. Thamas.

Ms. Thamas testified that Mr. Alfaro sold the Rolex watch at a pawnshop,[1] and when she went to the pawnshop, she was able to match the serial number that Mayors gave her for the Rolex with the serial number of the Rolex at the pawnshop. Over objection, Ms. Thamas testified that she attempted to buy the watch back from the pawnshop, but she did not have the money to buy it back. The State then asked her how much the pawnshop wanted for the watch. The defense objected to this question, and the trial court sustained the objection. Thereafter, the State asked her, "what couldn't you afford?" The defense also objected to this question, but the trial court overruled the objection, and Ms. Thamas responded, "The $10,000." During redirect, Ms. Thamas testified, without objection, that Mr. Alfaro received $10,000 from the pawnshop for the watch. Thereafter, Ms. Thamas once again, without objection, referenced "the $10,000 he got for the watch."

After the State rested, the defense moved for a judgment of acquittal,

---

[1] The investigating police detective testified that based on a "leads on line" report he obtained, he learned that the Rolex had been pawned at a particular pawnshop. The serial number provided to Ms. Thamas by Mayors matched the serial number of the Rolex that was at the pawnshop. Mr. Alfaro provided his fingerprint and his driver's license when he sold the Rolex at the pawnshop. The wedding band, however, was not at the pawnshop, and has never been located following the theft.

3

arguing that there was insufficient evidence to establish the fair market value of the allegedly stolen Rolex and ring, and therefore, the charged offense should be reduced to second degree petit theft, a second degree misdemeanor. The trial court reserved ruling.

The jury found Mr. Alfaro guilty of the lesser included offense of grand theft third degree, a third degree felony, and found that the value of the stolen property was $10,000 or more, but less than $20,000. Thereafter, the trial court denied the defense's motion for judgment of acquittal. In denying the motion, the trial court noted that the State failed to establish the value of the ring,[2] but did establish that the value of the Rolex was $10,000 based on Ms. Thamas's testimony.

Mr. Alfaro filed a motion for new trial and a renewed motion for judgment of acquittal. Following a hearing, the trial court denied the motions. Mr. Alfaro was adjudicated guilty and sentenced. This appeal followed.

Mr. Alfaro argues the trial court erred in denying his motion for judgment of acquittal because the State failed to present substantial, competent evidence to establish beyond a reasonable doubt that the value of the stolen property—the Rolex watch—exceeded the felony threshold,

---

[2] We agree with the trial court's determination that the State failed to establish the value of the ring.

4

and therefore, this Court must reverse his conviction and sentence and remand with instructions to reduce the charge to petit theft in the second degree, a second degree misdemeanor, and to resentence him. We disagree.

Grand theft in the third degree, in violation of section 812.014(2)(c), requires that the stolen property be valued at $10,000 or more, but less than $20,000 at the time of the theft. "Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense." § 812.012(10)(a)(1), Fla. Stat. (2019).[3] "The general rule under the theft statute is that value means fair market value at the time of the theft." Bloodsaw v. State, 994 So. 2d 378, 379 (Fla. 3d DCA 2008) (citing § 812.012(10)(a)(1), Fla. Stat. (2003)). "Because the value of the stolen items is an essential element of the offense, the value must be established beyond a reasonable doubt." Gonzalez v. State, 275

---

[3] There was no testimony that the market value of the Rolex and ring could not be "satisfactorily ascertained," and therefore, the value of the stolen property cannot be determined based on the replacement value of the property. See Knespler v. State, 314 So. 3d 287, 293 (Fla. 3d DCA 2020) ("[T]here was no testimony that the 'market value' could not be satisfactorily ascertained, which would then have allowed for the value to be determined based on the replacement cost of the property." (citing A.D. v. State, 30 So. 3d 676, 678 (Fla. 3d DCA 2010))).

5

So. 3d 766, 769 (Fla. 3d DCA 2019) (quoting A.D. v. State, 30 So. 3d 676, 677 (Fla. 3d DCA 2010)).

Here, the State attempted to establish the fair market value of the stolen items consistent with the method set forth in Negron v. State, 306 So. 2d 104 (Fla. 1974), *receded from on other grounds by* Butterworth v. Fluellen, 389 So. 2d 968 (Fla. 1980). In Negron, the Florida Supreme Court stated: "The original market cost of the property, the manner in which it has been used, its general condition and quality, the percentage of depreciation since its purchase . . . are elements of proof to be submitted to the jury to aid it in ascertaining value in such cases." Negron, 306 So. 2d at 108; see also C.S. v. State, 299 So. 3d 514, 516-17 (Fla. 3d DCA 2020) ("Value may be established by direct testimony of fair market value or through evidence of the original market cost of the property, the manner in which the items were used, the condition and quality of the items, and the percentage of depreciation of the items since their purchase. (quoting Pickett v. State, 839 So. 2d 860, 861-62 (Fla. 2d DCA 2003))).

In the instant case, without objection, Ms. Thamas testified to the original purchase price of the Rolex watch; the manner in which it was used; its condition; and the price the pawnshop paid Mr. Alfaro for the

6

Rolex watch—$10,000.[4]  Thus, viewing the evidence in the light most favorable to the State, a rational trier of fact could determine beyond a reasonable doubt that, at the time of the theft, the fair market value of the Rolex watch was $10,000 based on the method set forth in Negron.  As such, we affirm Mr. Alfaro's conviction and sentence for grand theft in violation of section 812.014(2)(c)(3).

Affirmed without prejudice.

---

[4] Mr. Alfaro argues that Ms. Thamas's testimony that the pawnshop paid him $10,000 for the Rolex watch constitutes inadmissible hearsay. Although the State introduced such information over objection on direct examination, the record also indicates that this information was introduced twice during redirect without objection from defense counsel.  As such, our affirmance is without prejudice to raise the hearsay argument in a motion for ineffective assistance of trial counsel.  We take no position as to this issue.